513 So.2d 1384 (1987)
TRAVELERS INDEMNITY COMPANY, Appellant,
v.
Emma SOTOLONGO, Appellee.
No. 86-1438.
District Court of Appeal of Florida, Third District.
October 27, 1987.
Ress, Gomez, Rosenberg, Howland & Mintz and Mark Mintz, North Miami, for appellant.
Lawrence F. Kaine, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
*1385 FERGUSON, Judge.
Appellant challenges the trial court's application of the contingency risk multiplier, adopted by the supreme court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), to award a fee of $28,125 where the client's recovery was $6,793.[1]
This action was brought on a homeowners policy for personal property lost when the insured's automobile was stolen from a shopping center parking lot. The insured claimed that she kept personal property worth $10,000 in the trunk of the automobile.
The trial judge thought the claim incredible and stated that he would have directed a defense verdict if the case had been tried nonjury. He summed up the evidence:
[A] lady claimed that she left money under her seat for a couple of days and didn't think about it and jewelry and where she left a case of creamed liquor in the car for three weeks approximately without thinking about it and a couple of VCRs and such and never told the police about any of this...
Because the likelihood of success at the outset was almost nonexistent he felt compelled, under the plain language of Rowe, to apply a high multiplier factor to the lodestar fee.
First, as we read Rowe, the court is not obligated to adjust the lodestar fee in every case where a successful prosecution of the claim was unlikely. Rowe, 472 So.2d at 1151. Second, in cases where application of the contingency risk factor may be appropriate, the court must conduct an evidentiary hearing and make findings which support the fee enhancement. The appellants contend here, correctly, that there should have been an evidentiary hearing complete with findings.
Reversed and remanded for further consistent proceedings.
NOTES
[1] While this case was pending the United States Supreme Court decided Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, ___ U.S. ___, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), where a plurality of the court was critical of the contingency risk factor to enhance a lodestar fee. In a concurring opinion, joining the plurality in part, Justice O'Connor was of the view that legal risks and risks unique to the case were already factored into the lodestar fee and that the contingency risk factor should apply only where there is a finding that the risk multiplier is necessary to attract competent counsel in the relevant community. Delaware Valley Citizens' Council for Clean Air, 107 S.Ct. at 3090-91 (O'Connor, J. concurring).