PER CURIAM.
Bankers Insurance Company (Bankers) appeals from a final order awarding attorney’s fees in an action to recover personal injury protection benefits. Bankers contends the trial court erred when it applied a contingency risk multiplier of 1.5 to the lodestar fee. Bankers also contends the trial court failed to state any findings in its order which would support the application of a contingency risk multiplier. We express no opinion concerning the amount of the fee awarded. However, we must reverse and remand this case because of the absence of findings which support the application of the contingency risk multiplier. It also appears the trial court may have been under the impression that Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), required application of a contingency risk multiplier. In Travelers Indemnity Co. v. Sotolongo, 513 So.2d 1384, 1385 (Fla. 3d DCA 1987), we pointed out that:
First, as we read Rowe, the court is not obligated to adjust the lodestar fee in every case where a successful prosecution of the claim was unlikely. Rowe, 472 So.2d at 1151. Second, in cases where application of the contingency risk factor may be appropriate, the court must conduct an evidentiary hearing and make findings which support the fee enhancement. The appellants contend here, correctly, that there should have been an evidentiary hearing complete with findings.
Reversed and remanded.