PER CURIAM.
Aetna Life Insurance Company appeals from a final judgment for attorney’s fees assessed against it in the amount of $441,-500.00 and a final cost judgment of $8,650.45. We affirm.
Peter Casalotti filed suit against Aetna in 1984 after the company terminated disability benefits which he was receiving under a policy purchased from Aetna. The complaint, which initially pleaded breach of contract only, was subsequently amended to include four counts based on statutory claims. The amended complaint also included a claim for punitive damages. The case went to trial in 1987 and the jury returned a verdict in favor of Casalotti on his breach of contract claim.
Casalotti was entitled to attorney’s fees pursuant to section 627.428, Florida Statutes (1987). The trial court conducted an evidentiary hearing with expert testimony entered by both sides, and set out its findings in a detailed order. We find that the trial court properly considered all relevant factors and correctly determined the fees to be awarded in accordance with the requirements of Folta v. Bolton, 493 So.2d 440 (Fla.1986); Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) and this Court’s opinions in Bankers Insurance Co. v. Gonzalez, 545 So.2d 907 (Fla. 3d DCA 1989) and Travelers Indemnity Co. v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987).
Citing Pennsylvania v. Delaware Valley Citizens’ Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), appellant in substance asks us to limit the use of the contingent fee multiplier.[1] We are unable to entertain that suggestion, for the Florida Supreme Court in Rowe expressly authorized multipliers and prescribed the permissible range. 472 So.2d at 1151. The multiplier utilized in the present case is within that range, and we perceive no abuse of the trial court’s discretion in setting the award.
The judgments under review are affirmed.

. The Delaware Valley decision was cited by this court in Travelers Indemnity Co. v. Sotolongo, 513 So.2d at 1385 n. 1.