563 So.2d 752 (1990)
Gerald ASKOWITZ, Appellant,
v.
SUSAN FEUER INTERIOR DESIGN, INC., Appellee.
No. 89-1966.
District Court of Appeal of Florida, Third District.
June 12, 1990.
Rehearing Denied July 25, 1990.
Evan J. Langbein, Miami, for appellant.
Roy D. Wasson, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The main issue in this appeal is a challenge to the application of the contingency risk multiplier to enhance the fee for prosecuting a small collection claim and defending a counterclaim based on the same contract where the defendant was the successful party on the counterclaim. We affirm the lodestar fee awarded to the plaintiff on the original claim and for defense of the counterclaim, and reverse the fee enhancement.
*753 Susan Feuer Interior Design, Inc., commenced this action in the county court against Gerald Askowitz, an optometrist, seeking money owed plus interest for interior decorating services. Dr. Askowitz filed a counterclaim alleging negligent and incomplete performance of services under the contract. Because the damages sought in the counterclaim were in excess of $60,000, the case was transferred to the circuit court where it was presided over by the same judge, acting as a circuit judge on administrative order, to whom it had been assigned in the county court.
A partial summary judgment was entered for the design firm awarding it $6,408.58, inclusive of interest, for goods sold and delivered. Dr. Askowitz was awarded $400 on his counterclaim which was offset against the plaintiff's judgment. At the post-judgment hearing on fees the trial court ruled that Susan Feuer, Inc. was the only prevailing party for the purpose of awarding attorney's fees pursuant to the parties' contract, and assessed the amount at $18,375.
Askowitz contends in this appeal that (1) notwithstanding that the fee was contingent upon the plaintiff prevailing the award should be limited to forty percent of the net recovery, as was agreed to between the design firm and its attorney by terms of a contract, and (2) the court improperly enhanced the lodestar with a contingency risk multiplier  on the main claim and the counterclaim  resulting in an excessive fee award. We consider first the contingency risk multiplier.
As a basis for enhancing the fee the court found generally that the multiplier was necessary because of the "subject matter of the litigation" and "in order to attract competent counsel within the bar", citing this court's opinions in Travelers Indem. Co. v. Sotolongo, 513 So.2d 1384 (Fla. 3d DCA 1987) and Bankers Ins. Co. v. Gonzalez, 545 So.2d 907 (Fla. 3d DCA 1989). The trial judge then made separate determinations on the claim and counter-claim, applying different contingency risk multipliers to each. As to the plaintiff's claim the court adjudged:
1. The reasonable and necessary number of hours expended by Plaintiff's counsel is 15.
2. A reasonable hourly fee for Plaintiff's counsel in this matter is $150.00.
3. The lodestar figure to be applied in this matter is $2,250.00.
4. A contingency risk multiplier of 1.5 is utilized by the Court as there was a likelihood of success more likely than not.
On the counterclaim the court ruled:
5. The reasonable and necessary number of hours expended by Plaintiff's counsel in this matter is 50.
6. A reasonable hourly fee for Plaintiff's counsel in this matter is $150.00.
7. The lodestar figure to be applied in this matter is $7,500.00.
8. A contingency risk multiplier of 2 is utilized by the Court as the likelihood of success was approximately even at the outset.
Appellant invites us to examine the factors considered by the trial court in its upward adjustment of the lodestar fee. First, the case commenced as an ordinary small claim contract action, of the type which floods the county court system, to collect for goods and professional services rendered. An obligation to pay a fee in the event of an action to enforce the agreement is a standard feature of such sales contracts. The counterclaim, too, was a rather run-of-the-mill ploy to avoid payment which alleged that the services were poor and the goods defective, concluding with a mostly baseless damage claim. Indeed, no contention was made, and the court did not find, that the case was complex in any sense. Further, as the court found, there was little risk at all to counsel on the plaintiff's claim as there was no dispute that some services had been rendered and that valuable goods had been supplied to the defendant.
Defense of the counterclaim, although time-consuming, carried little risk of subsuming the original claim. For that reason the risk of no attorney's fees on the counterclaim was no greater than the risk of *754 not prevailing on the plaintiff's claim. We held in Erickson Enterprises Inc. v. Louis Wohl & Sons, Inc., 422 So.2d 1085 (Fla. 3d DCA 1982), that where a plaintiff, in order to prevail in an action where the contract sued upon provides for attorney's fees, is required to defend a counterclaim based on the same contract, defense of the counterclaim is part and parcel of the original action and the plaintiff is entitled to a reasonable fee for defending the counterclaim as well.[1]
We note, at the outset, that the application of a multiplier is not mandatory when the prevailing party's counsel is employed on a contingency fee basis. Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), approving Travelers Indem. Co. v. Sotolongo. In contract cases a multiplier may be applied where (1) it is required in the relevant market to attract competent counsel, and (2) the attorney was unable to mitigate the risk of nonpayment in any way. Id. Here the fee applicant is an obviously solvent corporation, which has prevailed against an obviously solvent optometrist, in an action on a private commercial contract. The litigation resulted in no substantial benefit to society, and neither is there any evidence in the record that the prevailing party would otherwise have been unable to afford competent counsel. Consideration of the additional standards enunciated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), lends little support to the enhancement since the lodestar figure represents the market rate, and is considerably more than what was provided for by the private arrangement between the prevailing party and its attorney. In conclusion, there is no evidentiary basis for applying the contingency risk multiplier.
The lodestar fee of $9,750, based upon the reasonable hourly rate multiplied by the number of hours expended, as specified in the order, was properly awarded, even though it is more than the "40% of the recovery" amount agreed to by the parties as an alternative basis for fixing the fee amount. Financial Services Inc. v. Sheehan, 537 So.2d 1111 (Fla. 3d DCA 1989).
Affirmed in part, reversed in part and remanded.
NOTES
[1] In Erickson the plaintiff prevailed on both its original claim and the defendant's counterclaim. That case does not answer, and this case does not present, a related question: Whether a defendant whose counterclaim is meritorious and whose recovery is substantial, is entitled to a reasonable attorney's fee award where the plaintiff is, monetarily, a net prevailing party.