564 So.2d 1078 (1990)
SUN BANK OF OCALA, Petitioner,
v.
Jacques FORD, Respondent.
No. 75299.
Supreme Court of Florida.
July 26, 1990.
*1079 Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for petitioner.
Michael J. Cooper, Ocala, for respondent.
McDONALD, Justice.
We review Sun Bank of Ocala v. Ford, 553 So.2d 368 (Fla. 5th DCA 1989), wherein the district court relied on Head v. Lane, 541 So.2d 672 (Fla. 4th DCA 1989), and certified conflict with First State Insurance Co. v. General Electric Credit Auto Lease, Inc., 518 So.2d 927 (Fla. 3d DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the result reached in Sun Bank.
This case involves the general question of whether attorneys who enter into partial contingent-fee agreements may have the court assess a "contingency risk factor multiplier" against their losing adversaries. The district court answered in the negative, relying solely on the rationale employed by the fourth district in Head v. Lane. In Lane v. Head, 566 So.2d 508 (Fla. 1990), this Court quashed the fourth district's decision and held that a partial multiplier could be used to enhance an attorney's fee in a partial contingent-fee case. If our decision in Lane v. Head controls, then the decision under review must be quashed.
We disagree, however, that our decision in Lane v. Head mandates the application of a partial multiplier under the circumstances of the case at bar. "Before adjusting for risk assumption, there should be evidence in the record, and the trial court should so find, that without risk-enhancement plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 3089, 97 L.Ed.2d 585 (1987) (footnote omitted). Therefore, the existence of a contingent-fee agreement between attorney and client does not automatically require application of a multiplier. Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). In this case the claimed right to attorney's fees is predicated on being the prevailing party in a suit on a promissory note. It is not and never has been contemplated that a court should utilize a contingent-fee multiplier to calculate a reasonable attorney's fee for an attorney in such an action.
In Quanstrom we discussed different categories of cases and the application of a contingent multiplier in arriving at a reasonable fee in those cases because "[d]ifferent types of cases require different criteria to achieve the legislative or court objective in authorizing the setting of a reasonable attorney's fee." Id. at 833. We opined that under ordinary circumstances a contingent-fee multiplier is not justified in eminent domain or estate and trust matters because an attorney's fee is generally assured. Likewise, because of ethical considerations a contingent fee, and hence a multiplier, is inappropriate in domestic relations cases. In reference to contract cases, we held that the trial court should consider: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe [Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985)] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." 555 So.2d at 834.
The instant case is in the nature of a contract case. We are not aware of any situations where commercial banks have had difficulty finding attorneys to represent them. Indeed, from the myriad of cases involving banks it seems as though attorneys are anxious to represent them. There might be a preference not to accept *1080 certain individual cases, but any reluctance generally yields to the reward of gaining other cases and for the business representing a bank engenders.
The instant trial judge rejected the contention that a multiplier was appropriate. He found his duty to be to set a reasonable attorney's fee according to the terms of the promissory note. He arrived at the figure by utilizing a rate of one hundred fifty dollars per hour for the time reasonably spent. In this case and under the circumstances presented the award was reasonable and proper.
We thus find that, although Lane v. Head allows consideration of a reduced multiplier in certain types of cases, it has no application to this case. We therefore approve the result reached by the district court in the case under review and approve First State Insurance Co. on the facts of that case.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.