585 So.2d 1040 (1991)
Richard MAGNER, Marie Magner, His Wife, Dr. Roberto P. Coquis and Consuelo Coquis, His Wife, Appellants/Cross-Appellees,
v.
MERRILL LYNCH REALTY/MCK, INC., F/K/a Miller, Cowherd and Kerver, Inc., Appellee/Cross-Appellant.
Nos. 88-2669 & 89-1364.
District Court of Appeal of Florida, Fourth District.
August 28, 1991.
Rehearing Denied October 3, 1991.
*1041 C. Edward McGee, Jr. and John P. Shevock of Dykema Gossett, Fort Lauderdale, for appellants/cross-appellees Richard Magner and Marie Magner, his wife.
Harry G. Carratt of Morgan, Carratt and O'Connor, P.A., and Edward R. Rumin, Fort Lauderdale, for appellants/cross-appellees Dr. Roberto P. Coquis and Consuelo Coquis, his wife.
John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, and Rotella & Boone, Fort Lauderdale, for Merrill Lynch Realty/MCK, Inc.

ON MOTION FOR REHEARING
DELL, Judge.
We grant appellee's motion for rehearing. We withdraw the opinion issued on November 14, 1990, and substitute the following opinion:
This consolidated appeal arises out of a suit by a realtor to recover brokerage commissions. We need only address three of the numerous issues raised on appeal and cross-appeal. Appellants Richard and Marie Magner (Magners) contend that the trial court erred when it granted appellee's motion to amend the pleadings to conform to the evidence and permitted appellee's claim against them for punitive damages to go to the jury. The Magners also join with appellants, Roberto P. and Consuelo Coquis (Coquises), in their contention that the trial court erred in failing to grant a judgment on the pleadings as to Count II of appellee's *1042 amended complaint. Appellee has filed a cross-appeal and argues, inter alia, that the trial court erred by failing to award, as costs, attorney's fees previously paid by appellee to appellants following an earlier appeal in this case. We affirm the award of compensatory damages and prejudgment interest against the Magners, but reverse the award of punitive damages against them. We also affirm the trial court's award of attorney's fees and costs against the Magners. We reverse the award of compensatory damages, prejudgment interest, punitive damages and costs against the Coquises.
The Magners entered into an exclusive listing agreement with appellee for the sale of their home. Consuelo Coquis viewed the home and spoke with appellee's representatives regarding the asking price. The Magners subsequently withdrew the home from appellee's listing, but expressly excepted the Coquises from the withdrawal so that, if the Coquises eventually purchased the home, appellee would collect the agreed commission. Jose and Consuelo Segura, the parents of Consuelo Coquis, then entered into a purchase agreement with the Magners that provided the buyers with a right of assignment. The Seguras paid a $25,000 down payment, but it was the Coquises who consummated the sale at closing and were deeded the property.
In March of 1981, appellee filed suit against the Magners for failure to pay the brokerage commission contemplated under the exclusive listing agreement. In April, 1981, appellee amended its complaint. The amended complaint alleged two counts. Count I alleged that the Magners had breached the contract by not paying appellee its commission. Count II added the Coquises and Seguras as defendants and alleged that they acted to deprive appellee of its commission.[1] Count II did not name the Magners or seek affirmative relief against them. On motion by appellee, the trial court entered final summary judgment in favor of appellee against all defendants. This court reversed, holding that issues of material fact existed and remanded the cause for further proceedings. See Coquis v. Merrill Lynch Realty/MCK, Inc., 451 So.2d 1050 (Fla. 4th DCA 1984). This court also granted appellants' motion for prevailing party attorney's fees pursuant to Fla. R.App.P. 9.400. The trial court, on remand, determined the reasonable amount of attorney's fees, entered judgment in favor of appellants, and allowed immediate execution of the judgment. Appellee moved for a stay of execution in the trial court, but no ruling on this motion appears on the record. Appellee paid the attorney's fee award without seeking review of the judgment pursuant to Fla.R.App.P. 9.400(c).
In June of 1987, successor counsel for appellee moved to file a second amended complaint to assert claims against the Magners and the Coquises for conspiracy to defraud and tortious interference. The trial court denied appellee's motion.[2] The Coquises filed a motion for judgment on the pleadings as to Count II based on appellee's failure to state a cause of action. The trial court denied this motion. At the commencement of trial, the trial court again denied appellee's renewed motion to file the second amended complaint but stated that it would deem Count II of the 1981 amended complaint to be a count for conspiracy to defraud against all appellants, including the Magners. The case proceeded to trial on the 1981 amended complaint. At the close of the evidence, the trial court granted appellee's motion to amend the pleadings to conform to the evidence and permitted the issues of compensatory damages and punitive damages to go to the jury against appellants. The jury awarded appellee $31,500 in compensatory damages, prejudgment interest and punitive damages of $25,000 against the Magners. The jury also awarded appellee $31,500 in compensatory damages, prejudgment interest and *1043 punitive damages of $25,000 against the Coquises. The trial court entered final judgment on the jury verdict and awarded Merrill Lynch $28,866.43 in attorney's fees as against the Magners pursuant to a prevailing party provision in the exclusive listing agreement. The court also awarded costs to appellee as against all appellants, but denied appellee's claim to recover the attorney's fees it had paid as a result of the earlier appeal.
The Magners and the Coquises argue that Count II of the 1981 amended complaint failed to state a cause of action against either of them for conspiracy to defraud. We agree. Count II of appellee's 1981 amended complaint did not name the Magners as defendants nor did it seek affirmative relief against them. Further, it alleged general facts regarding the events surrounding the sale of the house, but failed to allege the existence of an agreement, understanding or conspiracy between the named defendants, an essential element of a cause of action for conspiracy. Therefore, we hold that the trial court erred when it denied the Coquises' motion for judgment on the pleadings as to Count II of appellee's 1981 amended complaint. See Fla.R.Civ.P. 1.140(h)(2); see also Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla. 1988); Terry v. Johnson, 513 So.2d 1315 (Fla. 1st DCA 1987).
The trial court compounded its error by later, just prior to trial, deeming Count II to be a count for conspiracy to defraud against appellants and by granting appellee's motion to amend the pleadings to conform to the evidence. The statute of limitations on conspiracy had expired before appellee attempted to join the Magners in the second amended complaint and before the trial court granted appellee's motion to amend the pleadings to conform to the evidence. See School Board of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981); see also Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980); Cox v. Seaboard Coastline Railroad Company, 360 So.2d 8 (Fla. 2d DCA 1978), cert. denied, 367 So.2d 1123 (Fla. 1979).
We find unpersuasive the argument that the subsequent proceedings cured the deficient complaint so as to validate the verdict as to the Coquises. A trial court may not construe a pleading to insert an essential element by inference and such an insufficient pleading may not be cured by a verdict. See generally East Coast Shores v. Cuthbert, 101 Fla. 25, 133 So. 863 (1931); Crawford v. Feder, 34 Fla. 397, 16 So. 287 (Fla. 1894); Walker v. Walker, 254 So.2d 832 (Fla. 1st DCA 1971). While it has been held that a verdict may not be reversed on grounds of a defective pleading absent a miscarriage of justice, we find this inapplicable where the defect constitutes the failure to state a cause of action. See generally Crawford; Walker; see also Spinner by and through Spinner v. Wainer, 430 So.2d 595 (Fla. 4th DCA 1983).
Appellee argues on cross-appeal inter alia that the trial court erred in refusing to award costs equal to the amount of attorney's fees appellee had been required to pay to appellants as prevailing parties on the earlier appeal from summary judgment. Appellee's argument, in essence, challenges the premature execution of the fee award. It is clear that prevailing party fee awards may not be enforced prior to the conclusion of the suit, because only then may the ultimate "prevailing party" be determined. See Cline v. Gouge, 537 So.2d 625 (Fla. 4th DCA 1988); General Accident Insurance Company v. Packal, 512 So.2d 344, 346 (Fla. 4th DCA 1987). Challenges to the award and enforcement of such awards made pursuant to Fla. R.App.P. 9.400 must be brought under Fla. R.App.P. 9.400(c) which provides:
Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days after issuance of the mandate.
Appellee's failure to file a motion for review within thirty days of the trial court's order waived this point for appeal.
The limited exception to Fla. R.App.P. 9.400(c) recognized in Starcher v. Starcher 430 So.2d 991 (Fla. 4th DCA 1983), does not apply in this case. Starcher *1044 involved an appeal from an amended final judgment entered upon mandate from this court. On remand from a prior appeal, the trial court was to determine the value of the husband's special equity claim and the reasonable amount of attorney's fees pursuant to Fla.R.App.P. 9.400. In its amended final judgment, the trial court awarded a special equity to the former husband, but determined that an award of attorney's fees to the former wife was not warranted. The former wife challenged both rulings on plenary appeal. Noting that a single final judgment formed the basis for both a proper plenary appeal as well as review under subsection (c), this court recognized an exception to the requirements of Fla.R.App.P. 9.400(c) and stated:
By way of careful limitation, we hold that if the only grievance is the assessment of attorney's fees and costs under Florida Rule of Appellate Procedure 9.400(a) and (b), it must be brought to this court by motion in strict accordance with the provisions of Florida Rule of Appellate Procedure 9.400(c). It is only where, as here, there are other points on appeal, points other than the assessment of attorney's fees and costs under Florida Rule of Appellate Procedure 9.400(a) and (b), that such review may also be obtained by raising same as an additional point on appeal.
Starcher, 430 So.2d at 993. Therefore, a timely challenge to an attorney's fee award can be consolidated with a simultaneous plenary appeal where strict compliance with Fla.R.App.P. 9.400(c) would unnecessarily result in multiple actions. Here, the trial court entered its judgment, awarding attorney's fees pursuant to Fla.R.App.P. 9.400, over three years before the final judgment now being challenged. We find no merit in appellee's other arguments on cross-appeal.
Accordingly, we affirm that part of the final judgment that awarded appellee compensatory damages and interest against the Magners, but reverse the award of punitive damages against them. We also affirm the trial court's award of attorney's fees and costs as against the Magners. We reverse that part of the final judgment that awarded appellee damages as against the Coquises as well as the judgment for costs against them.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and GUNTHER, JJ., concur.
NOTES
[1] Appellee failed to effect service of process on the Seguras.
[2] This court dismissed appellee's late-filed cross-appeal on this point and therefore the propriety of the order denying appellee's motion for leave to file a second amended complaint is not before us.