617 So.2d 347 (1993)
UNITED STATES SECURITY INSURANCE COMPANY, Appellant,
v.
Monica McIntyre LAPOUR, Appellee.
No. 92-20.
District Court of Appeal of Florida, Third District.
April 13, 1993.
Kubicki, Draper Gallagher & McGrane and Betsy E. Gallagher, Miami, for appellant.
Levine, Busch, Schnepper & Stein and Kathleen L. Spalding, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and LEVY, JJ.
*348 PER CURIAM.
In this appeal of an award of attorney's fees, the appellant/insurer claims the trial court improperly applied a multiplier under the authority of Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). We agree, and modify the final judgment rendered below.
After being involved in an automobile accident, the appellee/insured sought payment of medical bills under a PIP policy issued by the insurer. The insurer initially refused to pay any benefits, and instead requested further verification of the submitted bills. The insured then hired, on a contingent fee basis, an attorney, who wrote a demand letter to the insurer, and later filed suit on behalf of the insured. After suit was filed, the insurer paid the submitted bills in full, without even filing an answer. The insured then sought attorney's fees under Section 627.428, Florida Statutes (1991). See Amador v. Latin American Property & Casualty Ins. Co., 552 So.2d 1132 (Fla. 3d DCA 1989). An attorney's fees hearing was held, and the trial court found the lodestar amount of the insured's attorney's fees to be $2,000 ($200 per hour times 10 hours expended). The trial court further found that, based upon the likelihood of success of the lawsuit, a multiplier of 2.0 was necessary. Both parties agree that the trial court reached the appropriate lodestar. The insurer, however, contends that the trial court erred in applying a multiplier of 2.0.
When an attorney is hired on a contingent fee basis, the application of a multiplier in determining statutorily granted attorney's fees is not automatic. Sun Bank of Ocala v. Ford, 564 So.2d 1078, 1079 (Fla. 1990); Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d at 835. As set forth in Quanstrom,
the trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in [Florida Patient's Compensation Fund v.] Rowe [, 472 So.2d 1145 (Fla. 1985)] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.
Quanstrom, 555 So.2d at 834. One group of factors set forth in Rowe, which we find particularly pertinent to the present case, is "The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly." Rowe, 472 So.2d at 1150 (quoting Fla.Bar Code Prof.Resp., D.R. 2-106(b)).
Here, there was nothing novel or complex about the claim, nor was any significant legal expertise required to complete the representation. Indeed, the insured's own expert testified that the insurer appeared to have no defense at all to the claim. This case was nothing more than a run of the mill PIP benefits case, where the services of an attorney were necessary in order to "coax" the insurer into paying. Therefore, we conclude that the trial court abused its discretion in applying a multiplier to the lodestar. See Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752, 753-54 (Fla. 3d DCA 1990), review denied, 576 So.2d 292 (Fla. 1991). See also Transflorida Bank v. Miller, 576 So.2d 752, 753 (Fla. 4th DCA 1991) (multiplier not appropriate in case where claim was patently frivolous).
Because the parties have not disputed the lodestar amount, we hereby modify the judgment to award attorney's fees in the amount of $1,950.[1]See Warren v. Department of Administration, 590 So.2d 514, 515 (Fla. 5th DCA 1991).
Affirmed as modified.
NOTES
[1] This figure represents a deduction of 15 minutes time ($50) ordered by the trial court due to a procedural error regarding one document prepared by the insured's attorney.