664 So.2d 1123 (1995)
COMMAND CREDIT CORPORATION, Appellant,
v.
Peter MINEO, Jr., Diane Mineo, his wife, Michael Milchman, John George and Diane George, Appellees.
Nos. 94-1442, 94-2008 and 94-2538.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
*1124 Nancy W. Gregoire and Porcher L. Taylor, III, of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and David H. Krathen of Krathen & Roselli, P.A., Fort Lauderdale, for Appellees-Peter Mineo, Jr., Diane Mineo, and Michael Milchman.
PER CURIAM.
In this consolidated appeal, we affirm a final judgment, as amended, against the appellant/lessee for damages. We also find that the fee contract between appellees and their attorney, Mr. Krathen, permitted a court-awarded fee which exceeded the amount set out in the percentage schedule, see Kaufman v. MacDonald, 557 So.2d 572 (Fla. 1990), and that the trial court did not err in awarding Mr. Mineo attorney's fees for his services as an attorney, see Transflorida Bank v. Miller, 576 So.2d 752 (Fla. 4th DCA 1991).
The one issue about which we believe there to be uncertainty involves the trial court's use of a multiplier in setting the attorney's fee award to Mr. Krathen. We must answer whether an underlying statute authorizing an attorney's fee must be present in order to apply a contingency multiplier. There is no statute involved in this case and nothing in the record  should it be relevant  to reflect an inability of appellees to retain competent counsel except through a contingent fee arrangement.
Case law does not directly address the question of whether the contingency fee multiplier principles of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), and Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), are applicable where the only authority for fees is based on a private contract and not a statute. Appellant has a point that language from these cases suggests that a contingency multiplier may be applied only where fees to the prevailing party are authorized by statute. See Quanstrom, 555 So.2d at 834 ("We emphasize that the criteria and factors utilized [in considering use of a contingency multiplier] in these [contract and tort] cases must be consistent with the purpose of the fee-authorizing statute or rule." (emphasis added)); Rowe, 472 So.2d at 1151 ("When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a statutorily-directed reasonable attorney fee." (emphasis added)). However, these cases do not address the situation where fees are authorized by contract alone and not statute. Although the first and second districts have decided that the principles of Rowe are applicable where the authority for fees is based on a contract, these cases did not involve Rowe's application of the contingency fee multiplier, as reexamined by Quanstrom. See Florida Pottery Stores of Panama City, Inc. v. American Nat'l Bank, 578 So.2d 801 (Fla. 1st DCA 1991); Freedom Savings & Loan Ass'n v. Biltmore Constr. Co., 510 So.2d 1141 (Fla. 2d DCA 1987).
As appellant points out, the case relied upon by appellees, State Farm Fire & Casualty Co. v. Palma, 555 So.2d 836, 837 (Fla. 1990), is not helpful in this regard because although the action was for a claim under an insurance contract, the authority for fees was pursuant to statute, as the court itself recognized. Likewise, Quanstrom was also a case where attorney's fees were incurred in litigating a claim under an insurance policy, but the basis for the fee award was clearly predicated on the insurance statute.
On the other hand, the Quanstrom court's general discussion of the applicability of the *1125 contingency multiplier to different types of cases concluded in part that consideration of a contingency risk multiplier was appropriate in "tort and contract cases." This might suggest that this includes contract cases where the only basis for fees is the contract itself, although as noted above this was not the factual situation in Quanstrom itself.
Although this question was not squarely before the courts in Sun Bank v. Ford, 564 So.2d 1078 (Fla. 1990), and Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 292 (Fla. 1991), these cases may prove helpful in this regard. In Askowitz, although fees were based on a contract provision, the court recognized that a contingency multiplier could be applied if there was an evidentiary basis for such under the standards set out in Quanstrom. This suggests that the third district in Askowitz read Quanstrom's conclusion that a contingency multiplier could be considered in "contract cases" to mean in cases where the fee is authorized by contract. In other words, Askowitz did not read Quanstrom's discussion of contingency multipliers as limited to contract actions where there is also statutory authority for the fees.
Sun Bank is a supreme court case which came after the third district's case in Askowitz. The Sun Bank court ruled that although a partial multiplier is typically applicable in a partial contingency fee case, no multiplier was appropriate under the facts of that case. It is unclear from the court's opinion whether the reason was because fees were premised on a contract or simply because there was no evidentiary basis to support a contingency multiplier in that particular case. For instance, the court explained that there must be evidence to support application of a contingency multiplier, such as difficulty in finding counsel but for the contingency agreement, as was explained in Quanstrom. However, the Sun Bank opinion immediately thereafter states:
In this case the claimed right to attorney's fees is predicated on being the prevailing party in a suit on a promissory note. It is not and never has been contemplated that a court should utilize a contingent-fee multiplier to calculate a reasonable attorney's fee for an attorney in such an action.
Id. at 1079.
The Sun Bank opinion then proceeded to further discuss the factors required to support a contingency multiplier in a contract case, as set out in Quanstrom, and concluded that there was no difficulty in finding counsel in this type of case. This analysis suggests that consideration of a contingency multiplier under Quanstrom is appropriate where the authority for a fee award is based on a contract and not a statute, which seems to contradict the above quoted language which suggests that application of a contingency multiplier is not applicable in this type of contract case where the authority for fees is based solely on the contract and not on a statute.
A statute that authorizes fees and a contractual provision that provides for fees are similar in the sense that they both typically shift the burden of paying fees to the nonprevailing party. This similarity of result might suggest that a contingency multiplier is equally applicable to both situations. On the other hand, there is a significant difference. A fee-shifting statute typically is supported by a legislative intent to encourage the public to initiate certain types of actions as a means of promoting some legislative goal. See generally Quanstrom, 555 So.2d at 831. This same intent is reflected in Quanstrom's discussion of when a contingency multiplier is appropriate in contract and tort cases. Thus, Quanstrom explained that one of the factors to be considered in determining the appropriateness of a contingency multiplier was whether the market required such multiplier in order to obtain competent counsel. Id. at 834. It cannot be said that these same concerns and intentions are reflected by a contractual provision to shift fees. For this reason, there is a distinction between fee-shifting pursuant to statute and contractual provision that suggests that a contingency multiplier is not appropriate, or at least was not contemplated, for the latter situation.
In view of this distinction and the language quoted above from Rowe, Quanstrom and Sun Bank, we conclude that a contingency *1126 multiplier is not applicable where the only authority for a fee award is based on a contractual provision and not a statute. Accordingly, we reverse the use of the multiplier and remand with direction to eliminate it. However, we certify to the supreme court the following question of great public importance:
IS A CONTINGENCY MULTIPLIER INAPPLICABLE TO A COURT AWARDED ATTORNEY'S FEE WHERE THE ONLY AUTHORITY FOR FEES IS PREDICATED ON A CONTRACTUAL PROVISION AND NOT A STATUTE?
GLICKSTEIN and KLEIN, JJ., and ANGELOS, CYNTHIA G., Associate Judge, concur.