695 So.2d 373 (1997)
U.S.B. ACQUISITION COMPANY, INC. n/k/a U.S. Block Corporation; and Walter R. Sjogren, Sr., Appellants,
v.
Allen G. STAMM, William Bell, and Thomas Lagano, et al., Appellees.
No. 92-3138.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Rehearing Denied April 8, 1997.
Marshall J. Osofsky of Lewis, Vegosen, Rosenbach & Silber, P.A., West Palm Beach, for appellants.
Basil E. Dalack, West Palm Beach, pro se.

ON MOTION FOR REHEARING, CLARIFICATION, AND CONSOLIDATION
FARMER, Judge.
When this case was previously before us, we affirmed on the main appeal and reversed on the cross appeal, remanding the case to the trial court for the entry of judgment in favor of appellees. U.S.B. Acquisition Co. Inc. v. Stamm, 660 So.2d 1075 (Fla. 4th DCA 1995), rev. denied, 670 So.2d 941 (Fla.1996). At the same time, we also granted a motion for appellate attorney's fees and directed the trial court to determine the amount of such fees. After remand, the trial court was called upon to determine attorney's fees for different lawyers for trial court services, as well as for the attorney entitled to the appellate fees we had ordered. As a result, the trial court entered two separate final orders awarding attorney's fees: one in favor of Basil Dalack for the appellate fees and another in favor of the individual appellees for their trial court attorney's fees.
*374 Within 30 days of rendition, the payor of the fees filed a single notice of appeal seeking review of both orders. At the same time, Mr. Dalack, the appellate lawyer for the prevailing party, filed a motion under rule 9.400(c)[1] to review the appellate fee award.[2] The payor filed a response to that motion. After due consideration, we entered an order granting review of the award of appellate fees and, upon such review, affirming the order.
The payor of the fees has now timely moved for rehearing or clarification of that order, as well as for consolidation with its pending appeal of the trial court fees. The payor argues that our affirmance of the award has the effect of cutting off its own separate appeal of the appellate fees award contending that it properly appealed the appellate fees award, as opposed to seeking review by motion in this court under rule 9.400(c).[3] In support of this argument it cites our decisions in Magner v. Merrill Lynch Realty/MCK, Inc., 585 So.2d 1040 (Fla. 4th DCA 1991), rev. denied, 598 So.2d 77 (Fla.1992), and Starcher v. Starcher, 430 So.2d 991 (Fla. 4th DCA 1983). On the other hand, Mr. Dalack has himself moved for certification of a controlling question of law to the supreme court as to the allowable use of a contingency risk multiplier in contract attorneys' fees cases. We deny the payor's motion for rehearing but grant Dalack's motion for certification.
The facts in Starcher show that, after a prior appeal and an award of appellate attorney's fees,[4] the case was returned to the trial court for further proceedings relating to the distribution of marital property. We also granted the wife's motion for an award of appellate attorney's fees under section 61.16 and remanded with instructions that the trial court address the issue of such fees as well. After further proceedings on remand, the trial judge entered a single amended final judgment determining both issues. Specifically, he decided that the husband was entitled to a special equity in the home equal to the wife's half interest, and further that she was not entitled to any additional attorney's fees for the prior appeal.
She then filed a plenary appeal of that single amended judgment determining both issues but failed to seek review of the appellate fees issue under rule 9.400(c). Initially, we granted a motion by the husband to strike the appellate fees issue from her brief on account of her failure to seek review under the rule. But later when the merits panel addressed the appeal itself, we "reluctantly" reversed ourselves on the striking of the appellate fees issue. We held that:
"By way of careful limitation, we hold that if the only grievance is the assessment of attorney's fees and costs under Florida Rule of Appellate Procedure 9.400(a) and (b), it must be brought to this court by motion in strict accordance with the provisions of Florida Rule of Appellate Procedure 9.400(c). It is only where, as here, there are other points on appeal, points other than the assessment of attorney's fees and costs under Florida Rule of Appellate Procedure 9.400(a) and (b), that such review may also be obtained by raising same as an additional point on appeal."
430 So.2d at 993.
Similarly, in Magner we held that "a timely challenge to an attorney's fee award can be consolidated with a simultaneous plenary appeal where strict compliance with [rule] 9.400(c) would unnecessarily result in multiple actions." [e.s.] 585 So.2d at 1044. In so doing, we also conspicuously noted that the Starcher exception was based on the circumstance where "a single final judgment formed the basis for both a proper plenary appeal as well as review under [rule 9.400(c) ]." 585 *375 So.2d 1044. We stressed, however, that the Starcher exception is "limited." 585 So.2d at 1043.
The payor of the fees in this case has misread Starcher and Magner. The principal holding of these cases is that review of awards of appellate attorney's fees after remand is strictly under rule 9.400(c), rather than by separate appeal. Simply put, however, the payor reads these decisions to allow a full appeal of an appellate fees determination after remand whenever there are other issues determined in addition to the appellate fees. In this, the payor is mistaken. Properly read, Starcher and Magner recognize a very limited exception to the command of rule 9.400(c) that applies only when the same parties are involved in a single judgment after remand that encompasses both an appellate fees issue and another issue, and one party seeks review of both issues at the same time. As the facts of Starcher make clear, however, the exception does not apply when there are multiple and discretely different judgments entered, and the appellate fees issue involves a different party than the other issue determined on remand.
There is, after all, an important policy behind rule 9.400(c). Review by simple motion is far more expeditious and less costly than review by plenary appeal. It is obviously the intent of the rule to speed up what may very well be the last court determination in a law suit, especially where it occurs after all trials and appeals have been had, and the issue is the amount of the appellate lawyer's fee. Society has an interest at the point in expediting the closing judicial determination so that at long last finality and the end of litigation are at hand. That is the singular mission of rule 9.400(c).
Here, after remand, the trial court entered an amended final judgment on the merits of the dispute, as we instructed, as well as separate final orders on different applications for attorney's fees. One of the motions for attorney's fees was by the individual sellers, who sought an award for their trial court legal fees. The other motion was by Mr. Dalack, the lawyer who had represented appellees in the prior appeal, as authorized by our grant of appellate fees. Review of Dalack's motion would lead to the end of Dalack's involvement in the case. Dalack would certainly have no interest in the separate matter of the fees due appellees for their trial court lawyer. Under Starcher and Magner, in these circumstances the only method for review of the final order assessing the amount of Mr. Dalack's fees was by motion under rule 9.400(c) and not by appeal.
We also note that the record here shows that the payor of the appellate fees filed a response in this court to Dalack's motion to review the award and was thus doubtlessly aware of the rule.[5] In spite of such knowledge of the rule, the payor made no attempt to file its own motion for review under rule 9.400(c) within the prescribed 30-day period or (within the same period) to amend his notice of appeal, filed in the lower court on November 4th, to constitute a motion under the rule to review the assessment of appellate fees. As we read Starcher and Magner, we are now precluded from allowing the payer to have review of the amount of the appellate fees on account of the failure to follow the rule 9.400(c) procedure. Accordingly, the payor's motion for rehearing, clarification and consolidation must be denied.
On Dalack's motion for certification, we note that it involves the identical issue we previously certified to the supreme court in Command Credit Corp. v. Mineo, 664 So.2d 1123 (Fla. 4th DCA 1995). In that case we determined that "a contingency multiplier is not applicable where the only authority for a fee award is based on a contractual provision and not a statute." 664 So.2d at 1125-26. It appears, however, that the parties to that case did not seek review in the supreme court, and thus the issue has not yet been settled by our highest authority.
*376 On remand in this case, the trial court assessed the amount of appellate fees as we directed. In doing so, however, the trial court refused to consider applying a contingency risk multiplier to the award, expressly following our decision in Command Credit. Hence, there is merit in the recipient's argument now that it is unfair to certify the question in Command Creditbut not in this case in which the identical issue is presented and is dispositive. To facilitate supreme court review, therefore, we again certify the same question, namely:
Is a contingency risk multiplier inapplicable to a court awarded attorney's fee where the only authority for fees is predicated on a contractual provision and not a statute?
GUNTHER, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] See Fla.R.App.P. 9.400(c) ("Review of orders rendered under this rule shall be by motion filed in the court within 30 days of rendition.").
[2] Dalack argued that the trial court erred in failing to consider a contingency risk multiplier in assessing the amount of the appellate fees. See Command Credit Corp. v. Mineo, 664 So.2d 1123 (Fla. 4th DCA 1995).
[3] Apparently, the payor seeks to raise legal issues relating to the amount of the appellate attorney's fees assessed by the trial court.
[4] See Starcher v. Starcher, 391 So.2d 340 (Fla. 4th DCA 1980).
[5] The two separate final orders awarding attorneys' fees were both entered and mailed on October 3, 1996. Allowing time for mailing, Mr. Dalack's motion for review was timely filed on November 6th. The payor's response to Dalack's motion was filed on November 21st. Hence the payor's response to Dalack's motion was well outside the 30 day period specified by rule 9.400(c), to constitute the payor's own attempt at review of the fee award under the rule.