724 So.2d 99 (1998)
Ian SIMMONS, Appellant,
v.
ROYAL FLORAL DISTRIBUTORS, INC., Appellee.
No. 97-0660.
District Court of Appeal of Florida, Fourth District.
May 13, 1998.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., and John B. DiChiara of the Law Offices of John B. DiChiara, Fort Lauderdale, for appellant.
Ronald M. Gache and Debra B. Potter of Broad and Cassel, West Palm Beach, for appellee.

ORDER ON MOTION FOR REVIEW OF ORDER ASSESSING APPELLATE ATTORNEYS' FEES
KLEIN, Judge.
The issue raised by this motion filed pursuant to Florida Rule of Appellate Procedure 9.400(c) is whether counsel for appellant, who was on a contingent fee, should have been given the benefit of a multiplier for his services rendered on a prior appeal. Prevailing party attorney's fees were awarded pursuant to the contract which was the subject of the lawsuit, which involved a covenant not to compete. The trial court refused to apply a multiplier.
In Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 834 (Fla.1990), our supreme court held that in tort and contract cases:
[t]he trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in [Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985)] are applicable.
We interpret Quanstrom to mean that, in a case like this one, there must be evidence that a contingent fee arrangement was necessary in order for the prevailing party to have obtained competent counsel if a multiplier is to be imposed on the nonprevailing party. There was no such evidence presented here. We have considered the other issues raised and find them to be without merit.[1] Denied.
GLICKSTEIN and SHAHOOD, JJ., concur.
NOTES
[1] We need not reach the question which we certified in U.S.B. Acquisition v. Stamm, 695 So.2d 373, 376 (Fla. 4th DCA), rev. granted, 703 So.2d 475 (Fla.1997):

Is a contingency risk multiplier inapplicable to a court awarded attorney's fee where the only authority for fees is predicated on a contractual provision and not a statute?
We had previously certified the same question in Command Credit Corp. v. Mineo, 664 So.2d 1123 (Fla. 4th DCA 1995), because of our concern with the statement the supreme court made in Sun Bank of Ocala v. Ford, 564 So.2d 1078, 1079 (Fla.1990) that it "never has been contemplated that a court should utilize a contingent-fee multiplier to calculate a reasonable attorney's fee" in a suit on a promissory note. The parties in Mineo apparently did not seek review of our opinion.