[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11416
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-23401-JIC


SYDELLE RUDERMAN,
by and through her Attorney-in-fact, Bonnie Schwartz,
SYLVIA POWERS,
by and through her Attorney-in-fact, Les Powers,
individually and behalf of all others similarly situated,

                                        Plaintiffs - Appellees,

                    versus

WASHINGTON NATIONAL INSURANCE CORPORATION,
Successor in Interest to Pioneer Life Insurance Company,

                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 29, 2012)

Before DUBINA, Chief Judge, ANDERSON, and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

Washington National Insurance Company appeals the district court's order granting attorneys' fees to Plaintiffs' counsel in the amount of $1,647,330 and costs in the amount of $6,923.48. For the reasons stated below, we vacate and remand.

A district court's order awarding attorneys' fees is reviewed for abuse of discretion. Gray ex rel. Alexander v. Bostic, 613 F.3d 1035, 1039 (11th Cir. 2010). We have the authority to calculate a fee without remand unless an evidentiary hearing is required for fact-finding. ACLU v. Barnes, 168 F.3d 423, 431–32 (11th Cir. 1999).

Florida has adopted the federal lodestar approach. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). To reach a lodestar amount, courts determine the number of hours reasonably spent on the litigation and multiply that figure by a reasonable hourly rate. Norman v. Hous. Auth. of

---

[*] The Honorable Andrew J. Kleinfeld, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988).  The party seeking fees "is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable."  Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996). When fee documentation is voluminous, an hour-by-hour review is "impractical and a waste of judicial resources" and an across-the-board percentage cut is permitted.  Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

The district court did not abuse its discretion in reducing the billable hours by 20%, given Plaintiffs' counsel's billing practices.  The court permissibly used its own knowledge and experience in choosing a reasonable hourly rate of $375. See Norman, 836 F.2d at 1303.

The court applied a 1.5 multiplier to the award.  Florida law allows different multipliers in different circumstances.  See Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990).  Florida law does not permit a "contingency risk factor multiplier" where there is no evidence in the record, and the trial court has not found, that without the enhancement, the plaintiffs would have faced substantial difficulties finding counsel in the relevant market.  Sun Bank of Ocala

v. Ford, 564 So. 2d 1078, 1079 (Fla. 1990). The district court here recognized that Plaintiffs' counsel "has not argued that this case was undesirable," and made no finding that Plaintiffs faced any difficulties in finding counsel. Because no likely difficulty finding counsel was established, a multiplier was not permissible under Florida law.

The figure awarded did not deduct from the billable hours figure the hours Plaintiffs' counsel spent litigating the amount of attorneys' fees to be awarded. The Florida Supreme Court has held that, with respect to Fla. Stat. § 627.428, attorneys' fees incurred for litigating entitlement to fees are recoverable, but fees incurred for litigating the fee amount are not. State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 833 (Fla. 1993). We reviewed the time sheets submitted to the district court, and the number of hours Plaintiffs' counsel spent contesting the amount of attorneys' fees appears to have been 375.6 hours. We subtract 375.6 hours from the 3,601.3 requested billable attorney hours to reach 3,225.7 hours. The lodestar is then $1,209,637.50. Adding back in the 178.3 paralegal hours at $125 per hour, reducing by 20%, and applying no multiplier, we arrive at a total fee award of $985,540.

The district court order is therefore VACATED and the case is REMANDED for

an attorneys' fees and costs award of $985,540 and $6,923.48 respectively.