# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1175
Lower Tribunal No. 19-10248

_____

**Advanced Physical Therapy of Kendall, LLC,
a/a/o Schiller Ladouceur,**
Appellant,

vs.

**Camrac, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Tenenbaum Law Group, PLLC, and Jason Tenenbaum, for appellant.

McFarlane Law, and William J. McFarlane and Michael K. Mittelmark (Coral Springs), for appellees.

Before FERNANDEZ, SCALES and LOBREE, JJ.

SCALES, J.

In what we characterize as a first-party PIP (personal injury protection) case, governed by New York's No-Fault Motor Vehicle Law, Appellant, the plaintiff below, Advanced Physical Therapy of Kendall, LLC, appeals an order of the trial court that limited its attorney's fee recovery to $1,360.00. Specifically, Appellant challenges the trial court's determinations that (i) Appellant's proposal for settlement was not cognizable under applicable New York substantive law, and (ii) the instant case was not so novel or unique as to warrant fees in excess of the fee cap imposed by New York law. We affirm because the trial court correctly disregarded Appellant's proposal for settlement, and did not abuse its discretion in determining the instant case was subject to New York's fee cap.

## I. Facts

Co-Appellee Camrac, LLC, a car-rental agency, rented one of its cars to Florida resident Schiller Ladouceur ("Ladouceur") in Connecticut. While the car is owned by Camrac, it is registered to a Camrac affiliate, co-Appellee EAN Holdings, LLC. In August 2017, Ladouceur was driving the car in New York State when it was involved in an accident. Ladouceur was injured in the accident and was treated for his injuries by Appellant in Florida. Ladouceur assigned his PIP benefits to Appellant.

On April 3, 2019, Appellant filed suit against Appellees[1] seeking reimbursement for $27,340.34 in bills for medical services Appellant provided to Ladouceur. Appellant's operative, single-count complaint (alleging breach of contract) sought recovery pursuant to Florida's PIP law, specifically section 627.736 of the Florida Statutes.[2] In November 2019, Appellant served a single, joint proposal for settlement on Appellees seeking $10,000.00 to resolve its claim.[3]

Shortly after the filing of Appellant's April 28, 2020 operative complaint, the parties settled the case and, on May 1, 2020, entered into a joint stipulation whereby: (i) the parties stipulated that New York's No-Fault Motor Vehicle Law governed the dispute; (ii) Appellees agreed to pay Appellant $27,340.34, plus interest, in PIP benefits (an amount within New York's no-

---

[1] Our record does not reflect why co-Appellee Elrac, LLC was named as a defendant in the operative complaint.

[2] While the record is not clear whether Appellees are self-insured or are themselves insurers, the record indicates that Appellees assumed the obligation to pay no-fault benefits. According to sections 5103 and 5107, New York Insurance Law, every insurance policy on a motor vehicle operated in New York must provide a first-party benefit to a non-resident motorist.

[3] Appellees assert several grounds as to why Appellant's proposal for settlement was defective. Given our decision that the trial court was correct in determining that Appellant's proposal for settlement is not cognizable under New York substantive law, we need not, and do not, address these arguments.

fault coverage limits); and (iii) the parties stipulated that Appellant was entitled to an additional award of attorney's fees. The parties' stipulation provided that, if the parties were unable to amicably resolve Appellant's fee claim, the trial court would adjudicate the claim.

After the parties failed to reach an agreement on Appellant's fee claim, Appellant filed its motion for attorney's fees. In Appellant's fee motion, Appellant noted that its proposal for settlement had sought $10,000, while the parties subsequently agreed to a payment of $27,340.34, plus interest, thus triggering recovery under Florida's proposal for settlement statute (section 768.69). Appellant's fee motion asserted that Appellant was entitled to a reasonable hourly attorney's fee either because: (i) under Florida law, Appellant's recovery exceeded more than twenty-five percent of the proposal for settlement; or, in the alternative, (ii) under New York law, the case was of a "novel and unique nature" requiring "extraordinary skills or services," and therefore, an award of attorney's fees may exceed the statutory cap of $1,360.  See 11 NYCRR § 65-4.6(b) and (e).[4]

---

[4] Administrative regulations promulgated under Article 51, New York Insurance Law, provide (i) a cap on the amount of fees a plaintiff in a PIP case may recover, and (ii) a mechanism for a plaintiff to obtain a fee award in excess of this cap. Subsection 65-4.6(b) of these motor vehicle insurance regulations provides, in pertinent part, as follows: "[T]he payment of the applicant's attorney's fee by the insurer shall be limited to 20 percent of the total amount of first-party benefits . . . , plus interest thereon, for each

4

After conducting a hearing on Appellant's fee motion, the trial court entered the order on appeal that awarded Appellant $1,360 in fees. The trial court's order, awarding the maximum allowable under the fee cap imposed by New York law, determined that the case was "typical" and that "there is no record support for it being unique or extraordinary." In this same order, the trial court found that Florida's proposal for settlement statute was inapplicable to the case because the parties had stipulated that the case was governed by New York law.

## II. Analysis

Appellant raises two challenges to the trial court's order that limited its attorney's fees to $1,360. Appellant argues the trial court erred both in determining that (i) Appellant's proposal for settlement was ineffective because Florida's proposal for settlement law is inapplicable to the case, and (ii) the case was subject to New York's No-Fault Motor Vehicle Law's attorney fee cap because this case was not "of such a novel or unique nature as to require extraordinary skills or services."

---

applicant with whom the respective parties have agreed and resolved disputes, subject to a maximum fee of $1,360." Subsection 65-4.6(e) provides, in pertinent part, as follows: "[I]f . . . a court determines that the issues in dispute were of such a novel or unique nature as to require extraordinary skills or services, the . . . court may award an attorney's fee in excess of the limitations set forth in this section."

5

As to the first argument, the trial court correctly determined that Florida's proposal for settlement statute is inapplicable. The parties here expressly stipulated that New York law applied to the car accident and governed their dispute. Section 768.79 of the Florida Statutes provides parties, in certain defined cases, with a substantive right to attorney's fees under certain prescribed conditions. See S.E. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So 3d 73, 81 (Fla. 2012) (holding "that because an award of attorney's fees under Florida's offer of judgment statute is a substantive right, section 768.79 will not apply in instances where the parties have agreed to be governed by the substantive law of another jurisdiction"). By the parties' express stipulation, the substantive law of New York, and not of Florida, applied in this case; hence, section 768.79 is not applicable to this case.

We also affirm the trial court's determination that New York's cap on attorney's fees in PIP cases limited Appellant's fee recovery to $1,360 because the case is not "of such a novel or unique nature as to require extraordinary skills or services." We write on this issue only to explain, in what appears to be a case of first impression in Florida, which standard of review we applied to the trial court's ruling in this regard.

6

Both parties argued in their briefs that the trial court's ruling involved a question of statutory construction – presumably construing New York's administrative regulation capping fees in PIP cases – and thus was subject to this Court's *de novo* review. We disagree, and instead employ an abuse of discretion standard to review a trial court's determination of whether a particular case, governed by New York's No-Fault Motor Vehicle Law, is subject to the applicable regulation's cap on attorney's fees.

Pursuant to the text of the applicable New York regulation, the fee cap is inapplicable only if the trial court determines the case is "of such a novel or unique nature as to require extraordinary skills or services." We consider such a determination to be akin to the determination a Florida trial court must make when awarding fees to a prevailing party. Among the factors a trial court considers, particularly in determining the applicability of a multiplier, is the novelty, complexity or difficulty of the questions involved in the case. See Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 833-34 (Fla. 1990); U.S. Sec. Ins. Co. v. LaPour, 617 So. 2d 347, 348 (Fla. 3d DCA 1993) ("Here, there was nothing novel or complex about the [PIP] claim, nor was any significant legal expertise required to complete the representation."); see also R. Regulating Fla. Bar 4-1.5(b)(1)(A). It is well settled that we review such trial court determinations under an abuse of discretion standard. See

7

<u>Sunshine State Ins. Co. v. Davide</u>, 117 So. 3d 1142, 1144 (Fla. 3d DCA 2013); <u>LaPour</u>, 617 So. 2d at 348. While this case may not present as the typical Florida PIP case, nothing in the record would allow us to conclude that the trial court abused its discretion by determining that the case was not of such a novel or unique nature so as to require extraordinary legal skills or services. <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1203 (Fla. 1980) (observing that an abuse of discretion does not occur if reasonable persons could differ about the view adopted by the trial court).

### III. Conclusion

In this case, the trial court did not err by determining Florida's proposal for settlement statute was inapplicable, nor did it abuse its discretion in determining that the instant PIP case was not "of such a novel or unique nature as to require extraordinary skills or services."

Affirmed.