BROWNING, JR., EDWIN B„ Senior Judge.
 

 In this second-tier certiorari proceeding our review is limited to whether a “departure from the essential requirements of law” occurred, as a violation of procedural due process is not an issue.
 
 See Kaklamanos v. Allstate Ins. Co.,
 
 796 So.2d 555 (Fla. 1st DCA 2001). We conclude such a departure occurred.
 

 The sole issue presented is whether Petitioner’s attorney is entitled to a contingency fee multiplier on her attorney’s fees award in this personal injury protection (“PIP”) action. The Circuit Court on direct appeal reviewed and reversed the trial judge’s order awarding a multiplier because Petitioner did not testify that she had difficulty securing counsel to represent her in the cause without a multiplier under
 
 Sun Bank of Ocala v. Ford,
 
 564 So.2d 1078 (Fla.1990). To support her ruling, the circuit judge relied upon
 
 Progressive Express Insurance Co. v. Schultz,
 
 948 So.2d 1027 (Fla. 5th DCA 2007), as precedent. However, this court concluded in
 
 McCarthy Brothers Co. v. Tilbury Construction Inc.,
 
 849 So.2d 7, 10 (Fla. 1st DCA 2003), that expert testimony that a party would have difficulty securing counsel without the opportunity for a multiplier supports a multiplier’s imposition. Here, Petitioner presented such testimony, and the Circuit Court departed from the essential requirements of law by failing to apply a principle of law previously enunciated by this Court rather than that of our sister Fifth District Court of Appeal.
 
 See Stanfill v. State,
 
 384 So.2d 141, 143 (Fla.1980);
 
 see Kaklamanos,
 
 796 So.2d at 557, (stating a “departure from the essential requirements of law” occurs when a lower court fails to fulfill its constitutional duty to apply a correct principle of law to the admitted facts).
 

 Accordingly, we grant the petition for writ of certiorari and quash the decision under review with directions that the Circuit Court affirm the trial court’s award of a contingency fee multiplier and remand to the trial court for further proceedings consistent with this opinion.
 

 ROBERTS and CLARK, JJ., concur.