HAZOURI, J.
 

 LaShawn P. Harris (“Mother”) appeals from a non-final order of contempt entered after a final order in a post-dissolution of marriage case. The contempt order mandated that Mother enroll her minor child, B.H., in Flamingo Road Christian Academy. Mother argues that the trial court erred in entering the contempt order because it failed to make an affirmative finding as to Mother’s ability to comply, and the underlying order was not explicit. We agree and reverse.
 

 Mother was married to Feaster Bernard Hampton (“Father”) and the couple had one minor son, B.H. Subsequently, the parties filed for divorce and their marriage was dissolved in Michigan pursuant to a
 
 *748
 
 Consent Judgment of Divorce. The Consent Judgment of Divorce did not mandate that B.H. attend a particular school.
 

 The parties then separately moved to Florida. In Broward County, Mother petitioned the trial court to recognize and enforce the Michigan judgment. Father then petitioned the trial court for modification of the final judgment, seeking to be designated the primary residential parent, or, alternatively, for equal time sharing with Mother. The parties went to mediation and resolved Father’s modification petition. On November 13, 2006, the trial court entered an agreed order approving the mediation settlement agreement. Like the original dissolution judgment, the mediation settlement agreement did not contain a requirement that B.H. enroll at a particular school.
 

 Subsequently, each party moved for contempt and enforcement of the mediation settlement agreement for reasons unrelated to B.H.’s schooling. Following a hearing on January 25, 2007, the court deferred ruling on the parties’ motions for contempt, yet found that “[t]he parties agree to place the minor child at Flamingo Road Christian [Academy] and shall pay all required expense beyond the basic tuition by pro[-]rata share (uniforms only & books & registration fee).” The order did not require that a specific party enroll B.H., nor did it specify which party should pay tuition.
 

 Thereafter, Father filed an amended second motion for contempt and enforcement of final judgment. Father contested that Mother had “failed to enroll the child in Flamingo Road Christian [Academy] as ordered by this court on January 25, 2007.” The court then entered an “Agreed Amended Order Granting Former Husband’s Second Amended Motion for Contempt and Enforcement of Final Judgment and Order Denying Former Wife’s Motion to Modify the Court’s Order Dated January 25, 2007.” The court found that Mother “failed to register the child as previously ordered by this court and ... shall forthwith comply with the provisions of this Court’s Order dated January 25, 2007, and shall immediately register and enroll the parties!’] minor child at Flamingo Road Christian [Academy] for the next school session beginning January 2007.”
 

 On March 26, 2010, Father moved once again for contempt and enforcement, contending that “[d]espite repeated requests, the Mother has willfully failed to honor the court order and failed to enroll the minor child in Flamingo Road Christian Academy.” Ultimately, the trial court granted Father’s motion for contempt and enforcement, finding
 

 La[S]hawn P. Harris [is] in contempt of court. She is ordered to enroll [B.H.], D.O.B. 12-1-03 at Flamingo Road Christian Academy within 15 days of the date of this order. Failure to register the child as ordered shall result in the mother, La[S]hawn P. Harris[,] sentenced to 10 days in the Broward County jail. La[S]hawn P. Harris is ordered to pay attorney[’]s [fees] to Feaster Bernard Hampton in the amount of $1,878.75 within 15 days of this order.
 

 Mother appealed.
 

 “A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.”
 
 De-Mello v. Buckman,
 
 914 So.2d 1090, 1093 (Fla. 4th DCA 2005) (citing
 
 Northstar Invs. & Dev., Inc. v. Pobaco, Inc.,
 
 691 So.2d 565, 565 (Fla. 5th DCA 1997)). “However, this court, in a specially concurring opinion, stated that ‘[a] judge cannot
 
 *749
 
 base contempt upon noncompliance with something an order does not say.’ ”
 
 Id.
 
 (citing
 
 Keitel v. Keitel,
 
 716 So.2d 842, 845 (Fla. 4th DCA 1998)). “Under such circumstances, the standard of review is legal error, not abuse of discretion.”
 
 Id.
 
 (citation omitted).
 

 “Florida courts also require that in order to find an individual in contempt, the trial court must find that the contem-nor had the ability to comply with the previous court order.”
 
 Dep’t of Children & Families v. R.H.,
 
 819 So.2d 858, 862 (Fla. 5th DCA 2002) (footnote omitted). “[T]rial courts should make an express finding of ability to comply before imposing sanctions.”
 
 Fla. Coast Bank of Pompano Beach v. Mayes,
 
 433 So.2d 1033,1036 (Fla. 4th DCA 1983);
 
 see State, Dep’t of Health & Rehabilitative Servs. v. Maxwell,
 
 667 So.2d 980, 980-81 (Fla. 4th DCA 1996) (reversing an order of contempt because the trial court failed to make an express finding that HRS had the ability to comply with the court’s directives).
 

 In the instant case, the trial court failed to make an affirmative finding in its contempt order that Mother had the ability to comply with its directive. The underlying order required Mother to enroll B.H. at Flamingo Road Christian Academy within fifteen days. However, the trial court failed to make an express finding of Mother’s ability to pay the Flamingo Road Christian Academy’s tuition and fees. Accordingly, the trial court erred in issuing the contempt order without an affirmative finding as to Mother’s ability to comply.
 

 The January 25, 2007 order declared that “[t]he parties agree to place the minor child at Flamingo Road Christian School and shall pay all required expense beyond the basic tuition by pro[-]rata share (uniforms only & books & registration fee).”
 
 The order does not require that a specific party enroll B.H., nor does it specify which party should pay tuition, or how to divide tuition costs.
 

 Despite the lack of explicitness, in the agreed November 14, 2007 order, the trial court mandated that Mother “immediately register and enroll the parties[’] minor child at Flamingo Road Christian [Academy] for the next school session beginning January 2007.” Again, the order does not specify how B.H.’s tuition would be paid. While directing Mother to enroll B.H. may imply that she is responsible for paying tuition, “implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt.”
 
 Keitel,
 
 716 So.2d at 844 (citations omitted).
 

 Thus, although the trial court’s agreed amended order directs Mother to enroll B.H. at Flamingo Road Christian Academy, the trial court’s contempt order fails to make an express finding of Mother’s ability to comply with this directive. Accordingly, we reverse the order granting Father’s motion for contempt and enforcement and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 TAYLOR and LEVINE, JJ., concur.