CRENSHAW, Judge.
USAA Casualty Insurance Company (USAA) appeals a county court final judgment for attorney’s fees and costs entered in favor of Prime Care Chiropractic Centers, P.A. a/a/o Darlene Woodard (Prime Care) that applied a contingency risk multiplier. In so doing, the county court certified a question of great public importance as to whether expert testimony alone could constitute sufficient proof to apply a contingency fee multiplier. Because the county court abused its discretion by awarding a multiplier that was not supported by competent, substantial evidence, we do not reach the certified question.
In December 2008, Prime Care filed a complaint alleging that USAA failed to pay the full amount owed for medical services rendered to Prime Care’s assignor, Ms. Woodard, a patient insured under personal injury protection (PIP) coverage issued by USAA. USAA initially disputed the allegations but eventually confessed judgment by paying the claim in full, plus interest, in May 2010. Prime Care thereafter moved for attorney’s fees and costs under section 627.428, Florida Statutes (2008), seeking a multiplier pursuant to Massie v. Progressive Express Insurance Co., 25 So.3d 584 (Fla. 1st DCA 2009), review dismissed, 32 So.3d 60 (Fla.2010).
At the hearing on Prime Care’s motion for attorney’s fees, Prime Care presented the testimony of its corporate representative, John R. Tucker III, its attorney, Kimberly A. Driggers, and an expert witness, attorney Kevin Weiss. Mr. Tucker testified that he contacted three law firms in Polk County about his claim, but none of the firms would handle his case. He then contacted the Florida Chiropractic Association, who in turn referred him to Ms. Driggers, an attorney based in Tallahassee who ultimately took the case on Prime Care’s behalf. The county court found that Mr. Tucker’s testimony did not establish that Prime Care had any difficulty finding a lawyer who would accept its case without the possibility of a multiplier. Rather, Prime Care’s initial problem retaining counsel with the original three law firms stemmed from a general unwillingness to take the case, not a specific refusal to take the case without the possibility of a multiplier. Nonetheless, the county court decided that a multiplier of 2.0 was necessary in accordance with Massie based on Mr. Weiss’s expert testimony. The county court noted that an opposite result would have occurred if the court applied the Fifth District’s holding in Progressive Express Insurance Co. v. Schultz, 948 So.2d *347 1027 (Fla. 5th DCA), review denied, 966 So.2d 968 (Fla.2007).
USAA believed that Massie and Schultz conflicted and sought to certify the question as to the sufficiency of the evidence required to obtain a multiplier and to establish that a plaintiff would have difficulty finding competent counsel.[1] The county court agreed that a conflict existed and certified the following question as one of great public importance:
IN AN ACTION INVOLVING A CLAIM FOR A STATUTORILY DIRECTED ATTORNEY FEE UNDER ... SECTION 627.428, CAN EXPERT TESTIMONY ALONE CONSTITUTE SUFFICIENT PROOF UNDER STANDARD GUARANTY INSURANCE CO. v. QUANSTROM, 555 So.2d 828 (Fla.1990), ON THE ISSUE OF WHETHER THE RELEVANT MARKET REQUIRES A CONTINGENCY FEE MULTIPLIER TO OBTAIN COMPETENT COUNSEL?
This court accepted jurisdiction of the appeal, and thus we are able to “decide all issues that would have been subject to appeal if the appeal had been taken to the circuit court.” Fla. R.App. P. 9.160(f)(1); State v. Muldowny, 871 So.2d 911, 913 (Fla. 5th DCA 2004).
“[T]he standard of review with respect to the application of a multiplier is one of abuse of discretion.” Holiday v. Nationwide Mut. Fire Ins., 864 So.2d 1215, 1218 (Fla. 5th DCA 2004); see also Discovery Experimental & Dev., Inc. v. Dep’t of Health, 824 So.2d 195,196 (Fla. 2d DCA 2002) (“Appellate courts apply an abuse of discretion standard in reviewing a trial court’s determination on the entitlement of attorney’s fees.”). The application of a contingency risk multiplier must be reversed if it is not supported by competent, substantial evidence. See State Farm Mut. Auto. Ins. Co. v. Cedolia, 571 So.2d 1386, 1387 (Fla. 4th DCA 1990).
A contingency risk multiplier should be applied only upon the trial court’s consideration of the following factors:
(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in [.Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985) ], are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.
Quanstrom, 555 So.2d at 834. If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded. See Sun Bank of Ocala v. Ford, 564 So.2d 1078, 1079 (Fla.1990); Allstate Ins. Co. v. Materiale, 787 So.2d 173,176 (Fla. 2d DCA 2001).
Here, the county court’s findings reflected that Prime Care did not have any difficulty retaining counsel who would accept its case without the possibility of a multiplier. Similarly, although Mr. Weiss summarily concluded that the market required a multiplier for Prime Care to obtain competent counsel, he did not provide the court with any evidence to support his broad assertion. Thus, there was no competent, substantial evidence that Prime Care faced any substantial difficulties in finding competent counsel, and the county court abused its discretion by awarding the multiplier. In light of this error, we *348 do not reach the certified question. Accordingly, we reverse the county court’s determination of attorney’s fees as to the multiplier and remand for further proceedings.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.

. USAA only challenges the amount of the attorney's fees awarded, not Prime Care’s entitlement to an award of attorney fees under section 627.428.