CIKLIN, J.
The appellant appeals an order adjudicating her in civil contempt of court for willful failure to follow a court-ordered time-sharing plan. The appellant argues that she had insufficient notice of the contempt hearing. She also asserts that the contempt order failed to include sufficient factual findings concerning the best interests of the parties’ minor child and the alleged willfulness of her noncompliance. The appellant did not preserve her objection as to the issue of notice and did not demonstrate that the trial court failed to make requisite factual determinations. Accordingly, we affirm.
Factual Background
Kara Nunes (“the mother”) and Alexander Nunes (“the father”) were married and had a child. In June 2010, the trial court entered a final judgment of dissolution of marriage which incorporated a marital settlement agreement (“the agreement”). The agreement provided that the mother could relocate outside Florida, and that if she did move outside Florida “the [father’s] time sharing shall consist of Spring Break ... and four consecutive weeks each summer.” The mother relocated to Texas with the child.
The father filed a motion for contempt on July 10, 2012. The motion alleged that the father had sent an e-mail to the mother with the dates for his four consecutive weeks during the summer of 2012 and that the “[mother] failed to make the child available for summer timesharing” with the father. The father requested that the mother be found in willful contempt and that he be awarded “makeup time-sharing” and attorneys’ fees.[1]
On August 13, 2012, the father’s attorney sent a notice of hearing to the mother in Texas, advising her that a contempt proceeding would be conducted on August 28. The first hearing was cancelled due to an unplanned courthouse closing during Tropical Storm Isaac.
On August 31, the father’s attorney sent a second notice of hearing to the mother, informing her that the rescheduled con *699 tempt hearing would be held on September 12. According to the mother, she did not learn of the rescheduled hearing until September 6. The mother claims that she sent an e-mail to the father’s counsel on September 11 that stated she could not attend the hearing.
On September 12, the trial court held the contempt hearing. The father was present with his attorney, but the mother did not appear. The parties did not provide a transcript of the hearing.
On September 21, the court entered an order finding the mother in civil contempt of court. The order set forth the provision of the marital settlement agreement that required the mother to make the child available for summer time-sharing. The order stated that the mother “willfully failed to comply” with the final judgment “through the [mother’s] own fault and neglect.” The order also stated the mother “is in willful contempt of court for deliberate failure and refusal to comply with the order of the court.” The contempt order made provisions for makeup time-sharing during the child’s break periods from school and ordered the mother to pay the father’s attorneys’ fees.
The mother filed a notice of appeal on October 22, 2012. After the mother filed her notice of appeal, she filed a motion to stay the order adjudicating her in contempt which the trial court denied. She then filed a motion for rehearing on the motion to stay the order adjudicating her in contempt.[2]
Analysis
The mother appeals the contempt order on several grounds: (1) she lacked sufficient notice of the contempt hearing, (2) the trial court failed to make sufficient findings regarding her willful noncompliance with the time-sharing plan, and (3) the trial court failed to consider the best interests of the child in setting the dates for the makeup time-sharing.
“ ‘A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error.’ ” Harris v. Hampton, 70 So.3d 747, 748 (Fla. 4th DCA 2011) (quoting DeMello v. Buckman, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005)).
Insufficient Notice
The record indicates that the second notice of hearing — made necessary because of the tropical storm — was delivered to the mother’s home twelve days before the day of the re-scheduled hearing. Taking the mother’s claims as true, she did not receive the notice until five days before the day of the hearing, and only three business days before the hearing (excluding the day she actually received the notice).[3]
*700 The mother failed to preserve any objection to the date of the re-scheduled hearing. “‘In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.’ ” Sunset Harbour Condo. Ass’n. v. Robbins, 914 So.2d 925, 928 (Fla.2005) (quoting Tillman v. State, 471 So.2d 32, 85 (Fla.1985)). The record before us includes no pre-appeal motion for continuance, motion for rehearing, motion for relief from judgment or even a pro se note from the mother to the trial judge that alleged the mother had insufficient notice of the hearing.
Because the mother failed to preserve this issue in any discernable manner whatsoever and in the absence of fundamental error, we decline to review it further.
Noncompliance with the Time-Sharing Plan
The mother also contends that she could not be held in contempt because the dissolution order was insufficiently clear regarding her duties to arrange for the time-sharing. “When a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order.” DeMello, 914 So.2d at 1093 (citation omitted). “A judge cannot base contempt upon noncompliance with something an order does not say. Under such circumstances, the standard of review is legal error, not abuse of discretion.” Harris, 70 So.3d at 748-49 (citations, alteration, and quotation marks omitted).
We determine that the time-sharing provision was clear in its dictates and left no doubt as to the mother’s responsibilities in that regard. The time-sharing provision laid out a specific procedure and timeline for the father to inform the mother of the summer time-sharing schedule and the father presented sufficient evidence that he had complied with the requirements applicable to him. The father alleged that the mother failed to make the child available for time-sharing and the court found that she willfully failed to comply-
The mother urges that “the trial court failed to make the requisite factual findings as to how the [mother] violated” the dissolution order’s time-sharing provisions. Florida courts “require that in order to find an individual in contempt, the trial court must find that the contemnor had the ability to comply with the previous court order.” Id. at 749 (citation and quotation marks omitted).
We find that the trial court’s contempt order sufficiently detailed the mother’s noncompliance with the time-sharing provision of the final judgment. The trial court quoted the portion of the marital settlement agreement stating that the father had time-sharing for the summer and the order of contempt explicitly stated that the mother willfully failed to comply with the order through her own “fault and neglect.”
Even if the written order failed to adequately describe the mother’s noncompliance, we would affirm the trial court because the mother has failed to provide a transcript of the hearing. We will not assume that the trial court committed reversible error during the course of a hearing that we cannot review. See Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999) (“Absent a trial transcript, this court may reverse only if an error of law appears on the face of the final judgment.” (citation omitted)). The trial court very well may have orally pronounced its find *701 ings regarding the mother’s noncompliance at the contempt hearing. We will not speculate to the contrary.
Best Interests of the Child
The mother next asserts that the trial court erred in ordering makeup time-sharing without considering the best interests of the child. The applicable statute states:
When a parent refuses to honor the time-sharing schedule in the parenting plan without proper cause, the court ... [s]hall, after calculating the amount of time-sharing improperly denied, award the parent denied time a sufficient amount of extra time-sharing to compensate for the time-sharing missed, and such time-sharing shall be ordered as expeditiously as possible in a manner consistent with the best interests of the child and scheduled in a manner that is convenient for the parent deprived of time-sharing. In ordering any makeup time-sharing, the court shall schedule such time-sharing in a manner that is consistent with the best interests of the child or children and that is convenient for the nonoffending parent and at the expense of the noncompliant parent.
§ 61.13(4)(c)l., Fla. Stat. (2012) (emphasis added).
The mother argues that the order adjudicating her in contempt must be reversed because the written order did not include any findings relating to the best interests of the child. The mother relies on Cheek v. Hesik, 73 So.3d 340 (Fla. 1st DCA 2011). In Cheek, the former wife appealed, among other things, an order granting the former husband makeup time-sharing. The First District reversed the makeup time-sharing orders because the trial court did not find that “the manner in which the makeup time-sharing was imposed was in the best interest of the child.... [T]he trial court did not make any findings concerning the best interests of the child, either in its written orders or its oral rulings. This was error.” Id. at 343 (citations omitted and emphasis added). The court also wrote that “to the extent [the finding of best interests of the child] is implicit in the trial court’s orders, it is not supported by competent substantial evidence.” Id. at 344.
While we agree with the mother and the First District that “[t]he best interests of the child are always the paramount concern in child custody and time-sharing matters,” id., we disagree with the mother’s conclusion that the written contempt order is deficient on its face because it does not use the words “best interests of the child.” We hold that while the statute directs the trial court to consider the best interests of the child in ordering makeup time-sharing, nothing in the statute compels the trial court to explicitly include this in the written order.
Our decision does not conflict with Cheek because we do not think that Cheek requires the trial court to include its finding that the makeup time-sharing is in the best interests of the child within the written order. Instead, we believe Cheek and section 61.13(4)(c) only require that the court consider the best interests of the child in reaching its makeup time-sharing decision. We note that a First District case decided after Cheek found that, at least under some circumstances, “the failure to make specific factual findings [regarding the best interests of the child in ordering makeup time-sharing], while not helpful for meaningful appellate review, is not fatal and does not compel reversal.” Delivorias v. Delivorias, 80 So.3d 352, 356 (Fla. 1st DCA 2011).
In the absence of a transcript of the hearing, we cannot find that the trial court failed to consider the best interests *702 of the child. The better practice is for the trial court to thoroughly address the relevant considerations in its written order, but the failure to include and discuss these issues in the written order does not, in and of itself, compel reversal. See id.
We affirm the remaining issue without comment.

Affirmed.

WARNER and GROSS, JJ., concur.

. Section 61.13(4)(d), Florida Statutes (2012) provides that a person who violates a time-sharing schedule "may be punished by contempt of court or other remedies as the court deems appropriate.” For the parent improperly deprived of time-sharing, the statutory remedy is makeup time-sharing at the expense of the noncompliant parent. See § 61.13(4)(c)l, Fla. Stat. (2012). Pursuant to section 61.13(4)(c)2, the court may also "order the parent who did not provide time-sharing or did not properly exercise time-sharing under the time-sharing schedule to pay reasonable court costs and attorney’s fees incurred by the nonoffending parent to enforce the time-sharing schedule.”

. As a preliminary matter, we note that after the mother filed her notice of appeal, the trial court was without jurisdiction to rule on her subsequent motions. See Campbell v. Campbell, 100 So.3d 763, 765 (Fla. 4th DCA 2012).

. We take this opportunity to note that the laudable Palm Beach County Bar Association Standards of Professional Courtesy encourage attorneys to provide actual notice of hearings at least five business days in advance of the hearing. Palm Beach County Bar Association Standards of Professional Courtesy, http:// www.palmbeachbar.org/spc.php (last visited Mar. 22, 2013). While we acknowledge the potential difficulties with coordinating hearings with unrepresented persons, we encourage attorneys to schedule hearings with opposing counsel or pro se litigants at times convenient to both parties in order to avoid needless litigation.