NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| CITIZENS PROPERTY INSURANCE CORPORATION, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Case No. 2D16-616 |
| MEGHAN ANDERSON, | ) ) ) | |
| Appellee. | ) ) | |
| _____ | ) | |

Opinion filed February 14, 2018.

Appeal from the Circuit Court for Pasco County; Linda H. Babb, Judge.

Scot E. Samis of Traub Lieberman Straus & Shrewsberry LLP, St. Petersburg, for Appellant.

Mark A. Nation and Paul W. Pritchard of The Nation Law Firm, Longwood, for Appellee.

MORRIS, Judge.

Citizens Property Insurance Corporation appeals a final judgment awarding attorneys' fees, including a 1.7 contingent fee multiplier,[1] to Meghan Anderson. The fee award was based on the verdict rendered in Anderson's favor in her

---

[1]Although this enhancement is frequently referred to as a *contingency* fee multiplier, we refer to it in the manner used by the trial court.

breach of contract action against Citizens for failure to pay for a sinkhole loss. After prevailing at trial, Anderson sought attorneys' fees and costs pursuant to sections 57.041, 92.231, and 627.428, Florida Statutes (2014). Following an evidentiary hearing that was conducted without a court reporter, the trial court awarded a total of $493,246.50 in attorneys' fees which included the 1.7 contingent fee multiplier. Citizens argues that the trial court's failure to make a finding as to whether the market required a contingent fee multiplier pursuant to Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990), is an error apparent on the face of the record and, therefore, that the transcript of the evidentiary hearing is not required. We agree and reverse the trial court's order.

### I. BACKGROUND

Because this appeal involves an attorneys' fees award—rather than the underlying civil judgment—a complete recitation of the facts underlying the breach of contract action is unnecessary. Rather, it is sufficient to note that there was a dispute between Anderson and Citizens as to whether cracking damage in her home was caused by a sinkhole. Ultimately, Citizens denied Anderson's sinkhole claim, and Anderson filed suit. The jury rendered a verdict in Anderson's favor and awarded her $84,000. Shortly thereafter, she filed her motion for attorneys' fees.

It is undisputed that Anderson did not testify at the fee hearing. The court did take testimony from counsel for both parties and from the parties' experts, but the hearing was not transcribed.

In the judgment awarding attorneys' fees, the trial court awarded $290,145 in base attorneys' fees which was the total amount of fees for four attorneys who

represented Anderson with each being awarded the equivalent of $500-$600 per hour. On the issue of the 1.7 contingent fee multiplier, the trial court found the use of the multiplier was appropriate under the guidelines set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), and Quanstrom. As a further basis for applying the multiplier, the court explained that "at the outset of the handling of the case, [Anderson's] chances of success were 50/50" and that out of all the sinkholes cases tried by the trial court, "there have only been two cases won by the policyholder." The total attorneys' fees award after application of the 1.7 contingent fee multiplier, but exclusive of costs and interest, came to $493,246.50.

After filing its appeal from the attorneys' fee judgment, Citizens moved to relinquish jurisdiction to the trial court so that Citizens could, pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), seek preparation of a statement of the evidence in lieu of a transcript of the fee hearing. However, the parties could not agree on the substance of such a statement, and the trial court judge indicated she had an insufficient memory of the witnesses' testimony. As a result, this appeal comes to us without a transcript, and the trial court's order on the proposed statement of the evidence lists only the names of the witnesses who testified and the documentary evidence that was presented.

**II. ANALYSIS**

We review an order applying a multiplier to a fee award for abuse of discretion. USAA Cas. Ins. Co. v. Prime Care Chiropractic Ctrs., P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012). We must reverse the application of a multiplier if it is not supported by competent, substantial evidence. Id. Reversal is also required if a trial

court fails to include specific findings supporting the application of a multiplier. <u>Speer v. Mason</u>, 769 So. 2d 1102, 1105 (Fla. 4th DCA 2000); <u>Dep't of Agric. & Consumer Servs. v. Schick</u>, 553 So. 2d 361, 362 (Fla. 1st DCA 1989) (explaining that judgments are deficient if they fail to include specific findings to support an enhancement factor in attorneys' fees awards).

Citizens contends that there is insufficient evidence in the record regarding whether the market required the application of a contingent fee multiplier, and it argues that the final judgment is erroneous on its face because it fails to include a finding as to that factor. While the lack of a transcript or stipulated statement of the facts might require an affirmance in other cases, that rule is not applicable where a trial court order is fundamentally erroneous on its face for failure to make required findings. <u>See</u> <u>Wolfe v. Nazaire</u>, 758 So. 2d 730, 733 (Fla. 4th DCA 2000) (reversing and remanding attorneys' fees award despite lack of a transcript where court failed to explain its reasons for using a multiplier); <u>Guardianship of Halpert v. Martin S. Rosenbloom, P.A.</u>, 698 So. 2d 938, 939-40 (Fla. 4th DCA 1997) (reversing and remanding attorneys' fees award despite lack of transcript where order failed to contain findings as to the hourly rate or the number of hours reasonably expended); <u>Giltex Corp. v. Diehl</u>, 583 So. 2d 734, 735 (Fla. 1st DCA 1991) (reversing and remanding attorneys' fees award despite lack of a transcript where order failed to contain findings required by <u>Rowe</u>).

The dissent would have us affirm based on Citizens' failure to provide a transcript or a stipulated statement of the facts, citing <u>Esaw v. Esaw</u>, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007), for the proposition that "[t]he most salient impediment to

- 4 -

meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript."  However, Esaw did not involve the issue of an award of attorneys' fees, and notably, we acknowledged

> that there are circumstances in which a claim of inadequate findings can lead to reversal even in the absence of a transcript or appropriate substitute.  In particular, an award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings.

Id. at 1265 (emphasis added).  This is the type of case referenced in Esaw.

In setting reasonable attorneys' fees, Florida courts use the federal lodestar approach which requires a determination of the number of hours reasonably expended multiplied by a reasonable hourly rate.  See Rowe, 472 So. 2d at 1150-51.  Once the lodestar amount is determined, the trial court may add or subtract from that amount based upon a "contingency risk" factor and the "results obtained."  Id. at 1151; see also Quanstrom, 555 So. 2d at 831.

In determining whether a contingent fee multiplier is necessary in a contract case—such as this one—the trial court should consider

> whether the relevant market requires a contingency fee multiplier to obtain competent counsel[,[2]] whether the attorney was able to mitigate the risk of nonpayment in any way[,] and . . . whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results

---

[2]Although Citizens generally asserts that the trial court's order was deficient for failing to mention any of the Quanstrom criteria, Citizens primarily focuses on the first factor pertaining to whether the relevant market requires the application of a contingent fee multiplier.  "A primary rationale for the contingency risk multiplier is to provide access to competent counsel for those who could not otherwise afford it."  Bell v. U.S.B. Acquisition Co., Inc., 734 So. 2d 403, 411 (Fla. 1999).

obtained, and the type of fee arrangement between the attorney and his client.

Quanstrom, 555 So. 2d at 834; see also Prime Care Chiropractic Ctrs., P.A., 93 So. 3d at 347. "Evidence of these factors must be presented to justify the utilization of a multiplier." Quanstrom, 555 So. 2d at 834; see also Bell v. U.S.B. Acquisition Co., Inc., 734 So. 2d 403, 410 (Fla. 1999) (recognizing that courts may consider applying multiplier "if evidence in the record supports the need for one"). "If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded." Prime Care Chiropractic Ctrs., P.A., 93 So. 3d at 347. And "[i]f the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction." Rowe, 472 So. 2d at 1151; Wolfe, 758 So. 2d at 733; Giltex Corp., 583 So. 2d at 735. Indeed, Rowe holds that trial courts must make specific findings as to "the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors." 472 So. 2d at 1151 (emphasis added).

Here, the final judgment awarding attorneys' fees states that the case was "appropriate for the use of a multiplier under the Rowe and Quanstrom guidelines." Beyond that conclusory statement, the only rationale provided by the trial court involved Anderson's chance of prevailing and a reference to the number of other sinkhole cases that the trial court had tried wherein the policyholder won. The dissent notes that the trial court also stated that "this case was by far the best tried sinkhole case [she had] ever seen." But that statement was made in the context of the trial court's determination of a reasonable hourly rate, not in the finding relating to the application of the contingent fee multiplier. Furthermore, it is merely an opinion, not a factual finding relating to

- 6 -

whether the relevant market required the application of the contingent fee multiplier. There was simply no specific finding regarding any difficulty Anderson might have experienced in retaining counsel to handle the case, nor was there any other specific finding regarding the relevant market which would support application of the contingent fee multiplier. And it is undisputed that Anderson did not testify so she clearly did not provide testimony on this issue.[3]

We acknowledge that Anderson presented witnesses at the hearing, though we do not know the substance of their testimony due to the lack of a transcript or a more thorough statement of the evidence. We further acknowledge that the First District has held that expert testimony can be sufficient to support the application of a multiplier. See Massie v. Progressive Express Ins. Co., 25 So. 3d 584, 585 (Fla. 1st DCA 2009). Anderson asks us to affirm based on the assumption that the expert testimony provided at the hearing could have supported the application of the multiplier, and Anderson cites to a case wherein the appellate court affirmed based on lack of a transcript after refusing to speculate as to whether the trial court made oral findings at a hearing. Cf. Nunes v. Nunes, 112 So. 3d 696, 700-01 (Fla. 4th DCA 2013). But as we have already explained, because the trial court awarded attorneys' fees pursuant to Rowe and Quanstrom, it was required to make specific findings on any enhancement factors, including the issue of the contingent fee multiplier. Esaw, 965 So. 2d at 1265. And under the unusual circumstances here, we simply cannot affirm due to lack of a

_____

[3]Whether the party seeking fees testifies regarding the difficulty in obtaining competent counsel is a factor to consider when determining whether to apply the contingency fee multiplier. Cf. Eckhardt v. 424 Hintze Mgmt., LLC, 969 So. 2d 1219, 1223 (Fla. 1st DCA 2007) (explaining that where party seeking fees did not testify at hearing, "there was no evidence to suggest that the [party] had difficulty in securing competent counsel").

transcript or a more thorough statement of the evidence. The trial court itself was unable to remember the testimony presented at the fee hearing. If the trial court itself cannot remember the basis for its award, then we will not assume Anderson presented sufficient evidence or that the trial court made any oral findings regarding whether the relevant market required application of the contingent fee multiplier.

The dissent suggests that we are concluding that there was insufficient evidence presented to the trial court on the issue of the contingent fee multiplier. We make no such conclusion. Rather, we simply refuse to make an assumption that competent, substantial evidence was presented in these unusual circumstances where the trial court's inability to recall <u>any</u> of the testimony has prevented us from otherwise concluding that the trial court considered the issue of whether the relevant market required the application of the contingent fee multiplier and where the order is deficient on its face for failing to contain the required finding on that issue. <u>Cf.</u> <u>Speer</u>, 769 So. 2d at 1104-05 (concluding that where trial court approved a statement of the evidence that included some facts specifically recalled by the judge, the judge's inability to have total recall of the entire proceedings did not "render the record inadequate" because the appellant <u>conceded the record was "nonetheless sufficient to justify entitlement to a multiplier</u>" (emphasis added)).

The dissent also argues that the findings in the order were sufficient because the trial court indicated that it had expressed its reasoning in further detail at the hearing. However, that reference was made in the portion of the trial court's order entitled "Hourly Rate" wherein the trial court explained that after "[c]onsidering [the] factors [set forth in <u>Rowe</u>], and for the reasons expressed at the hearing, the Court finds

- 8 -

that the following hourly rates are reasonable for Plaintiff's counsel in this case." In another portion of the order separately entitled "Contingent Fee Multiplier," the trial court makes no reference to any findings it previously made on this issue. Thus, contrary to the dissent's assertion, we are not speculating about the substance of the trial court's oral findings. Rather, we merely refer to the order itself to determine whether the trial court made the required findings relating to the contingent fee multiplier. Yet even if that statement related to the application of the contingent fee multiplier, we would be constrained to reverse. A trial court's generic reference to "reasons expressed at the hearing" is not the equivalent of a specific finding that the relevant market required the application of a contingent fee multiplier. Indeed, there could be any number of "reasons" on any number of topics that a trial court orally expresses at a hearing. Rather than improperly exceeding the scope of our review, we are simply holding the trial court to its responsibility to include specific findings on an enhancement factor pursuant to Rowe and Quanstrom and we are refusing to speculate on what might have occurred at the fee hearing where the trial court itself is unable to remember what testimony was presented.

The trial court's inability to recall any of the testimony presented in this case leaves us in the same review posture as the court in Wolfe, where no testimony was provided. 758 So. 2d at 733. And though Rosenbloom did not involve the application of the multiplier, it supports our conclusion that a reversal is required, even in the absence of a transcript, where an order fails to contain specific findings pursuant to Rowe. While we acknowledge that the order here contains minimal findings relating to the reasonable hourly rates and reasonable hours expended, Rowe also requires

- 9 -

specific findings on the "appropriateness of the reduction or enhancement factors." 472 So. 2d at 1151. Thus the principle espoused in Rosenbloom is applicable here, particularly where the Rosenbloom court implied that findings relating to the multiplier enhancement are even more critical than findings on the other factors.[4] The dissent asserts that it is important for the contingent fee multiplier to be considered "any time the requirements for a multiplier are met," and we do not disagree with that proposition. However, in this case, under these facts, we cannot determine whether the requirements were met. And it is precisely because of the important nature of the contingent fee multiplier that Florida law requires a specific finding on that issue. The dissent's conclusion that the findings and reasoning provided by the trial court here are sufficient because the trial court determined a reasonable hourly rate and the number of hours reasonably expended stops short of the Rowe requirements as clarified by Quanstrom.

The order under review is fundamentally erroneous on its face because it fails to contain a specific finding regarding whether the relevant market required the application of the contingent fee multiplier. And under the unique facts of this case, we are unable to determine what, if any, evidence was presented on that issue or even whether the trial court considered it.[5] Cf. In re Guardianship of Ansley, 94 So. 3d 711,

_____

[4]In analyzing the trial court's failure to make findings relating to the hourly rate or number of hours reasonably expended, the court in Rosenbloom explained that "[w]ere we writing on a clean slate, we might consider this error harmless, particularly as the award does not involve a multiplier enhancement." 698 So. 2d at 940 (emphasis added).

[5]We note that the trial court also failed to specifically make findings on the other two factors discussed in Quanstrom. However, we do not base our decision on those omissions as they were not the issues in dispute.

- 10 -

714 (Fla. 2d DCA 2012) (reversing and remanding fee award which failed to contain meaningful factual findings pursuant to Rowe thereby leaving us "unable to determine the basis for the circuit court's award" as well as unable to "determine whether there is competent, substantial evidence in the record to support the award").

In concluding that a reversal is required, we are not radically shifting the law or extending the holding of Rowe and Quanstrom to require written findings in all instances. We acknowledge that a trial court can make oral findings in support of a fee award. Yet in this case there is simply nothing to indicate that the trial court made oral findings on the issue. There is no transcript of the hearing, there is no reference in the order to even an oral finding on the issue of whether the market required the application of the contingent fee multiplier, and the trial judge conceded that she did not remember what transpired at the hearing. It is the combination of these unusual facts that requires us to reverse in this case. But we do not mean to suggest that a reversal would be required in any case where a trial court fails to include a written finding on a factor in awarding attorneys' fees. This is simply a case where the lack of a transcript does not preclude reversal because the order is insufficient on its face. See Esaw, 965 So. 2d at 1265.

Finally, we note that we have not overlooked the recent Florida Supreme Court decision in Joyce v. Federated National Insurance Co., 228 So. 3d 1122 (Fla. 2017). We acknowledge that the court clarified that the contingent fee multiplier is not limited to rare and exceptional circumstances and that it should be considered whenever the requirements for its application are met. Id. at 1131-32. In reversing the order here, we are not, as the dissent suggests, applying a stricter standard for

- 11 -

application of the multiplier than is required by Rowe and Quanstrom. Rather, we are refusing to presume—under the unusual facts of this case—that the required specific findings were or were not made below. And we note that our reversal does not mean that Anderson will not ultimately prevail in obtaining an award of attorneys' fees that includes a contingent fee multiplier. The reversal simply remands the case back to the trial court to consider the issue anew.

We therefore reverse the attorneys' fees award and remand for further proceedings in conformance with this opinion.

Reversed and remanded.

BLACK, J., Concurs.
KHOUZAM, J., Dissents with opinion.


KHOUZAM, J., Dissenting.

I respectfully disagree with the majority's analysis and result. The fee judgment on its face shows no error, and without a transcript Citizens simply cannot demonstrate that the trial court erred in its findings and conclusions. By holding otherwise, the majority extends the Florida Supreme Court's holdings in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), and Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990), beyond their actual language to impose a new requirement that all findings supporting an attorneys' fee award must be reflected in the court's written judgment. In doing so, the majority radically shifts well-established jurisprudence regarding an appellant's burden on appeal and this court's scope of review. I would affirm.

It is undisputed that the trial judge conducted a three-hour fee hearing, during which she listened to the examination and cross-examination of six witnesses, including both parties' experts. Documents were received into evidence, and counsel made legal arguments. The fee hearing was before the same trial judge who presided over the jury trial, which lasted six days. The trial judge made factual determinations and resolved the issues concerning the application and amount of a multiplier based on the evidence she received. She was in the best position to observe what was presented at trial and at the fee hearing.

The written order set forth specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of the enhancement factors. The order made clear that these findings were based on the expert testimony presented and that the court had expressed its reasoning in further detail at the hearing. The order clearly stated that the court applied a 1.7 contingent fee multiplier based on the factors set forth in Florida Rule of Professional Conduct 4-1.5(b)(1)(A)-(H), Rowe, and Quanstrom. The order also indicated that plaintiff's chances of success were 50/50 and noted that of the many sinkhole cases tried before the court, only two cases were won by the policyholder. Finally, the judge stated that she had tried many sinkhole cases and that "this case was by far the best tried sinkhole case [she had] ever seen."

Our review of the fee award in this case is limited. The award of attorneys' fees is a matter committed to sound judicial discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown. DiStefano Constr. Inc. v. Fid. & Deposit Co. of Md., 597 So. 2d 248, 250 (Fla. 1992). Our review of an order applying a

- 13 -

multiplier to a fee award is also one of abuse of discretion. USAA Cas. Ins. Co. v. Prime Care Chiropractic Ctrs., P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012).

Our review here is hampered because Citizens has the burden to demonstrate error on appeal yet failed to provide this court with a transcript of the evidentiary hearing, which would have included the court's reasoning as was noted in the order. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). By not providing a transcript or a proper substitute, Citizens has thwarted this court's ability to meaningfully review the trial court's reasoning; for that reason, the lack of a transcript is generally a fatal flaw in an appellant's case. Id. "In the absence of a transcript, the trial court's factual findings are presumed correct, and our review is limited to errors apparent on the face of the judgment." O'Connor v. O'Connor, 184 So. 3d 1149, 1149 (Fla. 2d DCA 2015) (citing Mobley v. Mobley, 18 So. 3d 724, 725 (Fla. 2d DCA 2009)).

Even where the court's written order lacks findings, "[t]he most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript." Esaw v. Esaw, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007). This is because the trial court may have orally pronounced its findings at the hearing. See Nunes v. Nunes, 112 So. 3d 696, 700-01 (Fla. 4th DCA 2013). This court should "not speculate to the contrary" or "assume that the trial court committed reversible error during the course of a hearing that we cannot review." Id.

Under this extremely narrow standard, Citizens cannot show any error, much less fundamental error. In addition to those findings reflected on the face of the order, the court made oral findings regarding the fee award and, in the order,

specifically noted that she had made such findings and incorporated them by reference. Without the benefit of a transcript reflecting the oral findings, this court cannot meaningfully review the trial court's findings and must defer to the court's judgment.

The majority suggests that the reference to the judge's oral findings made at the hearing related only to the question of whether the attorneys' hourly rates were reasonable. This is pure speculation unsupported by anything in this record. Without the transcript of the hearing, the majority simply assumes that the judge's oral findings or reasons were so limited in order to reach its result. And even if the trial court's order is construed as reflecting findings related <u>only</u> to the question of whether the attorneys' hourly rates were reasonable, this issue is intertwined and overlaps with the question of whether the contingent fee multiplier was appropriate. <u>See</u> <u>Rowe</u>, 472 So. 2d at 1150-52. We therefore cannot guess—as the majority essentially does—that the trial court failed to make any oral findings regarding the contingent fee multiplier. To suggest otherwise, through parsing of the trial court's written order, is to erode the bedrock presumption of correctness that clothes the trial court's order. Accordingly, without a transcript, we simply cannot second guess what oral findings the court made or did not make at the hearing. Nor should we fault the trial court for being unable to remember the testimony that was presented at the hearing when the parties are responsible for producing the transcript. Indeed, that is the very reason why an appellant has the burden to provide an adequate record to support its arguments.

The majority's approach also extends the holdings in <u>Rowe</u> and <u>Quanstrom</u> to require <u>written</u> findings to support all aspects of a fee award. Neither these cases nor any of the other cases that the majority has cited delineate such a

- 15 -

requirement. Rather, these cases stand for the proposition that findings supporting an award of attorneys' fees must be express and specific, regardless of whether they are oral or written. Indeed, this court has specifically held that such factual findings may be made orally at the hearing or set forth in the written judgment. Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012); see also Ortiz v. Ortiz, 227 So. 3d 730, 733 (Fla. 3d DCA 2017) (quoting Perez with approval).

Creating this additional requirement radically shifts well-established jurisprudence that the trial court's decision comes to the appellate court with a presumption of correctness, that it is the appellant's burden to demonstrate error, and that this court is unable to meaningfully review the trial court's reasoning without a transcript or a proper substitute. See Applegate, 377 So. 2d at 1152. It would also undermine the foundational principle that the appellate court must defer to the factfinder on questions of fact; it is axiomatic that it is not the function of the appellate court to reweigh the evidence or speculate about what may or may not have happened below. See, e.g., Gunsby v. State, 574 So. 2d 1085, 1090 (Fla. 1991) ("The resolution of factual conflicts is solely the responsibility and duty of the trial judge, and, as the appellate court, we have no authority to reweigh that evidence.").

I am also troubled that the majority appears to ignore the recent Florida Supreme Court decision in Joyce v. Federated National Insurance Co., 228 So. 3d 1122 (Fla. 2017). In Joyce, the supreme court clarified that under Florida law there is no presumption that the lodestar amount represents the reasonable fee and the contingency fee multiplier has never been limited to rare or exceptional circumstances. Id. at 1131-32. Rather, Florida courts should consider the contingency fee multiplier

any time the requirements for a multiplier are met.  Id. at 1132.  Indeed, it is important for the contingency fee multiplier to be considered where appropriate because

> "[I]t assists parties with legitimate causes of action or
> defenses in obtaining competent legal representation even if
> they are unable to pay an attorney on an hourly basis.  In
> this way, the availability of the multiplier levels
> the playing field between parties with unequal abilities to
> secure legal representation."

Id. at 1130 (quoting Bell v. U.S.B. Acquisition Co., Inc., 734 So. 2d 403, 411 (Fla. 1999)).

Despite the supreme court's recent decision in Joyce, the majority appears to incorrectly presume that the lodestar amount represents the reasonable fee in this case and assume that the contingency fee multiplier is limited to rare or exceptional circumstances that it contends are not present here.  Without the majority's unfounded presumptions, it becomes even clearer that the trial court's decision should be affirmed because it is entirely appropriate for Florida courts to consider the contingency fee multiplier any time the requirements for a multiplier are met.

Accordingly, for all of the aforementioned reasons, I would affirm.