# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-322
Lower Tribunal No. 18-1723
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Joseph Casanas and Nancy Cervantes,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Luks, Santaniello, Petrillo & Cohen, and Lauren J. Smith (Stuart), for appellant.

Alvarez, Feltman, Da Silva, & Costa, P.L., and Paul B. Feltman, for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Citizens Property Insurance Company appeals the trial court's order

granting plaintiffs' motion for attorneys' fees and entering a final judgment of costs and fees in favor of plaintiffs' counsel. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Because the award of fees was not supported by competent, substantial evidence, we reverse and remand.

## FACTUAL AND PROCEDRUAL BACKGROUND

Plaintiffs in the underlying homeowners' insurance case sustained damage to their roof during Hurricane Irma in 2017, reported the loss to Citizens and retained counsel to represent them before Citizens had an opportunity to investigate the loss or determine coverage. Citizens ultimately denied coverage after determining the damage was below the hurricane deductible. Plaintiffs filed suit for underpayment of the claim in January 2018. The case was minimally litigated—there were no depositions taken, no dispositive motions filed, few hearings, and no trial. The case settled in mediation in January 2019. A judgment in the amount of $35,000 was entered in favor of plaintiffs subject to motions for costs and fees.

Following the entry of judgment, the trial court held an evidentiary hearing to calculate attorneys' fees and costs. The court made factual findings, concluded that the lodestar was $70,800 and added a 1.8 multiplier for a fee of $127,440. The total fee award was for $150,600 including $9,360

2

in litigation costs and a $13,800 fee for plaintiffs' fee expert.  The final award of costs and fees was nearly five times the amount of the $35,000 settlement.

## LEGAL ANALYSIS

Citizens appealed the award arguing that 1) the lodestar was unsupported; 2) plaintiffs failed to present evidence that their attorneys were unable to mitigate the risk of nonpayment and there was no competent, substantial evidence that the relevant market required a multiplier; and 3) the award of litigation costs was unsupported.  While the appeal was pending this Court issued its opinion in Universal Property & Casualty Insurance Co. v. Deshpande, 314 So. 3d 416 (Fla. 3d DCA 2020).  Deshpande, which involved a remarkably similar homeowner's insurance claim where counsel was awarded an excessive and unsupported amount of attorneys' fees, governs the outcome of the instant case.

We approve the trial court's findings, based on the evidence in the record, that the hourly rates billed for each attorney were reasonable.  We cannot, however, affirm the lodestar amount because the record does not contain competent, substantial evidence that the number of hours billed were reasonable.  See id. at 419.  "The court did not make any specific findings as to disputed time entries . . . . Nor did the court apply any particularized reductions or make any findings as to the appropriateness of reductions."  Id.

at 420. Rather, without explanation, the court adopted the plaintiffs' fee expert's 10% blanket reduction to the number of hours expended, which we found "arbitrary and unsupported" in Deshpande. Id. Accordingly, we reverse the lodestar amount with instruction for the court to reduce the number of hours billed to 81.1 hours—the only number for which there is competent, substantial evidence adduced by the defendant's fee expert following a line-by-line accounting of the compensable hours. See id. ("[W]hen an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand." (quoting Brake v. Murphy, 736 So. 2d 745, 748 (Fla. 3d DCA 1999))).

We reverse the trial court's application of a multiplier because the record is devoid of evidence satisfying the Quanstrom[1] factors. Here, the

---

[1]

> [T]he trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990).

4

record contains "no evidence that [plaintiffs] could not have obtained other competent counsel in this market absent the availability of a contingency fee multiplier." Deshpande, 314 So. 3d at 421; see USAA Cas. Ins. Co. v. Prime Care Chiropractic Ctrs., P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012) ("If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded."). Nor did plaintiffs' counsel establish that there was a risk of nonpayment as the parties' retainer agreement expressly provided for counsel's recovery of fees.

Finally, the award of litigation costs must be reversed. Plaintiffs submitted two expert invoices but did not present any evidence regarding the reasonableness of the litigation costs or whether they intended to call the expert witnesses for trial. The trial court "awarded costs without making any factual findings regarding which expenses would have been reasonably necessary for an actual trial." Deshpande, 314 So. 3d at 422; see Coastal Petroleum Co. v. Mobil Oil Corp., 583 So. 2d 1022, 1025 (Fla. 1991).

Reversed and remanded.