# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1806 & 3D21-323
Lower Tribunal No. 17-26269

_____


**Impex Caribe Corp.,**
Appellant,

vs.

**Carl Levin, P.A., etc., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Law Offices of Paul Morris, P.A., and Paul Morris; Irv J. Lamel, for appellant.

Riesberglaw, and Barbara J. Riesberg; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellees.


Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

SCALES, J.

Impex Caribe Corporation ("Impex"), the defendant/counter-plaintiff below, appeals a November 5, 2020 post-judgment order ("fees order") awarding prevailing party attorney's fees to plaintiffs/counter-defendants below, Carl Levin, P.A. d/b/a CLA-D and Carl Levin (together "Levin"). The trial court entered the fees order after having entered a September 26, 2020 final judgment in favor of Levin on Levin's claim to foreclose a lien for architectural services.[1] The fees order awarded Levin $142,187.50 in attorney's fees (i.e., the lodestar amount),[2] increased by a contingency fee multiplier of two, for a total of $284,375, plus $3,006.31 in costs. Finding the trial court did not abuse its discretion in determining the lodestar amount, we affirm that portion of the fees order without discussion. We reverse that

---

[1] In appellate case number 3D21-323, Impex appealed the fees order. In appellate case number 3D20-1806, Impex appealed the September 26, 2019 final judgment. This Court consolidated the appeals for all purposes. Because Impex's briefing in this Court makes no argument with respect to the September 26, 2019 final judgment, we affirm the final judgment without discussion.

[2] To determine the amount of attorney's fees to be awarded to a prevailing party, the trial court must use the lodestar approach set forth in Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985). The trial court arrives at the lodestar amount by multiplying the number of reasonable hours expended by a reasonable hourly rate. Id. at 1150-51. This Court reviews the trial court's lodestar determination for an abuse of discretion. See TRG Columbus Dev. Venture, Ltd. v. Sifontes, 163 So. 3d 548, 552 (Fla. 3d DCA 2015).

portion of the fees order applying a contingency fee multiplier, however, because it is not supported by competent, substantial evidence. See Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 420 (Fla. 3d DCA 2020) ("While the trial court's determination to apply a multiplier to the lodestar amount is reviewed for an abuse of discretion, the trial court's findings as to the multiplier must be supported by competent, substantial evidence.").

In Standard Guaranty Insurance Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990), the Florida Supreme Court set forth three factors the trial court must consider in determining whether to apply a contingency fee multiplier: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." We focus our inquiry on the trial court's findings regarding the first factor – the relevant market factor – as that inquiry is outcome determinative in this appeal.

With respect to the relevant market factor, the trial court made the following factual findings in its fees order:

3

18. . . . As to the first [Quanstrom] prong, [Levin's fees expert] . . . opined that the multiplier was necessary in order for plaintiff to obtain competent counsel, as one of several attorneys who represented Defendant in this action was board certified in construction law, thus leading to the conclusion that "competent" counsel would not include every attorney in Miami-Dade County practicing in the area of construction law.

19. [Levin's fees expert] additionally testified that the relevant market required a *contingency fee multiplier to obtain competent counsel,* as Plaintiff could not afford to pursue the claims if he had to pay hourly rates to do so. Under the fee agreement, Plaintiffs' counsel would not be paid any fees in the event there was no fee award to Plaintiffs. . . .

(Emphasis added). While two of these specific factual findings – i.e., that not every attorney in Miami-Dade County is board certified in construction law and that Levin could not afford to pay hourly rates – are supported by the record, we could find no record support for the trial court's conclusion that the relevant market required a contingency fee multiplier to obtain competent counsel.

The purpose of the relevant market factor is "to assess, not just whether there are attorneys in any given area, but specifically whether there are attorneys in the relevant market who both have the skills to handle the case effectively and who would have taken the case absent the availability of a contingency fee multiplier." Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1135 (Fla. 2017). Thus, the party seeking prevailing party attorney's fees must establish "that a party would have difficulty securing counsel

4

without the opportunity for a multiplier." Citizens Prop. Ins. Corp. v. Laguerre, 259 So. 3d 169, 177 (Fla. 3d DCA 2018) (quoting Massie v. Progressive Express Inv. Co., 25 So. 3d 584, 585 (Fla. 1st DCA 2009)).

Here, Levin's fees expert testified that Levin could not afford to pay an attorney on an hourly basis and that Impex's representation by a board-certified construction lawyer necessitated that Levin also have a well-qualified construction lawyer. Levin's fees expert, however, never testified that there was a lack of well-qualified, local construction lawyers, or that it was unlikely that Levin would have found a competent lawyer to take his lien foreclosure case without the possibility of a contingency fee multiplier. See Joyce, 228 So. 3d at 1134-35.[3] Quite the contrary, on cross-examination, Levin's fees expert conceded that he was completely unaware of the number of construction lawyers and board-certified construction lawyers practicing in Miami-Dade County.

The instant case is akin to Desphande, where, under similar circumstances, this Court reversed application of a contingency fee multiplier:

> In support of the multiplier, the court heard testimony regarding Deshpande's counsel's expertise in first-party property insurance litigation, that the case was accepted on a contingency

---

[3] Levin's fees expert did not testify as to the qualifications of Levin's trial counsel.

5

basis and that counsel would have been unable to mitigate against the risk of nonpayment. There was also testimony that Deshpande's counsel obtained a favorable result. The record, however, contains no evidence that Deshpande could not have obtained other competent counsel in this market absent the availability of a contingency fee multiplier. The Plaintiff's fee expert failed to testify that Deshpande's counsel was the only competent counsel in the relevant market. Nor did the expert alternatively testify that, while there was other competent counsel available in the relevant market, they would not have taken the case on a simple contingency fee and would have done so only if the multiplier was available.

"If there is no evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, then a multiplier should not be awarded." USAA Cas. Ins. Co. v. Prime Care Chiropractic Centers, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012) . . . . Because the record is devoid of any evidence that the relevant market required a contingency fee multiplier to obtain competent counsel, we reverse the trial court's application of a multiplier.

Deshpande, 314 So. 3d at 421 (citations omitted). For reasons similar to those stated by us in Desphande, we conclude that Levin failed to present any evidence below that the relevant market required a contingency fee multiplier to obtain competent counsel in this case.

Accordingly, we affirm the September 26, 2019 final judgment and that portion of the fees order determining the lodestar amount of fees to which Levin is entitled, but we reverse that portion of the fees order applying a contingency fee multiplier.

Affirmed in part, reversed in part, remanded for further proceedings.

6